IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. O'BANNON, JR., on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and COLLEGIATE LICENSING COMPANY,<br><br>    Defendants. | No. C 09-3329 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER<br>(Docket No. 71) |

Defendants National Collegiate Athletic Association (NCAA) and Collegiate Licensing Company (CLC) move to transfer this action to the Southern District of Indiana.  Plaintiff Edward C. O'Bannon, Jr. opposes the motion.  The motion was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court DENIES Defendants' motion for a transfer of venue (Docket No. 71).

## BACKGROUND

This action arises out of Plaintiff's allegations that the NCAA and CLC violated federal antitrust laws by conspiring to prevent former collegiate student athletes from receiving

1 compensation for the use of their images.  Plaintiff, a Nevada
2 resident, was a student athlete at the University of California,
3 Los Angeles (UCLA).  The NCAA is an unincorporated association
4 headquartered in Indianapolis, Indiana, and CLC is a Georgia
5 corporation with a principal place of business in Atlanta.  Several
6 California universities and colleges are NCAA members and CLC
7 clients.

8     In brief, Plaintiff asserts that, while he was a student
9 athlete at UCLA, he competed pursuant to NCAA rules and
10 regulations, which require student athletes to sign NCAA Form 08-3a
11 as a prerequisite to their participation in intercollegiate
12 competition.  Plaintiff maintains that Form 08-3a and associated
13 NCAA rules constitute anti-competitive conduct because they prevent
14 him from licensing his own image and likeness.  He alleges that the
15 NCAA's and CLC's anti-competitive practices are facilitated by non-
16 defendant conspirators, including Electronic Arts, Inc. (EA), a
17 video-game software company based in Burlingame, California.

18     Plaintiff alleges violations of § 1 of the Sherman Act.  He
19 intends to move to certify this case as a class action.  This case
20 is related to Keller v. Electronic Arts, Inc., et al., Case No. 09-
21 1967, which involves allegations that the NCAA, CLC and EA violate
22 former student athletes' rights of publicity by using their
23 likenesses without consent in various EA video game franchises.

24 <center>LEGAL STANDARD</center>

25     A district court may grant a discretionary change of venue
26 pursuant to 28 U.S.C. § 1404(a), which provides: "For the
27 convenience of parties and witnesses, in the interest of justice, a
28 district court may transfer any civil action to any other district

<center>2</center>

or division where it might have been brought." The statute identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has ruled that Section 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

## DISCUSSION

Defendants argue that this action should be transferred to the Southern District of Indiana for the convenience of the parties, the convenience of the witnesses and in the interests of justice.

The first § 1404(a) factor involves the convenience of the parties. Defendants note that Plaintiff does not reside in California, while the NCAA's headquarters are located in the Southern District of Indiana. They assert that transferring this

3

action could make litigation more convenient for the NCAA. However, Defendants must appear in this Court as defendants in the related Keller action, which limits any gains in convenience achieved through transfer. Further, moving this action to Indiana would merely shift the inconvenience of litigation onto Plaintiff. Although Plaintiff does not reside in California, this judicial district is closer to his Nevada residence. Thus, the transfer of this action would not substantially benefit any of the parties.

The second § 1404(a) factor focuses on the convenience of witnesses. Plaintiff states that he intends to call as witnesses employees of alleged co-conspirator EA, which is headquartered in this judicial district. Because EA is a non-party, these employees could not be compelled to appear in Indiana, which weighs against transfer. Further, Plaintiff's allegations relate to his career as a student athlete at UCLA, which suggests that UCLA officials could be called to testify. Defendants assert that many witnesses will likely be NCAA officials, some of whom reside in Indiana, and CLC employees, who are based in and around Atlanta. However, inconvenience to Defendants' employees, who can be compelled to testify in this action, does not -- on its own -- favor transfer. See STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (discounting inconvenience to party's witnesses when they are employees who can be compelled to testify). Thus, this factor favors retaining venue in this district.

Defendants also argue that some of the Ninth Circuit factors weigh in their favor. The Court disagrees. One factor Defendants cite is the ease of access to the evidence. Defendants assert that most of the relevant documents are located in or near the Southern

4

District of Indiana. The Court gives this argument little weight because modern technology has significantly reduced the costs associated with the transfer of documents. Thus, this factor is neutral.

Defendants also cite the cost of litigation. They assert that the cost of litigating in the Southern District of Indiana would be significantly less because that district's docket is less congested than that of this judicial district. However, as mentioned above, Defendants will already be litigating in this Court. Litigating in two separate venues would likely increase, not decrease, Defendants' litigation costs. This factor weighs in favor of retaining venue in this district.

In light of the foregoing factors, Defendants have not established that convenience and the interests of justice require the transfer of this action.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Transfer Venue to the Southern District of Indiana. (Docket No. 71.)

IT IS SO ORDERED.

Dated: December 11, 2009

CLAUDIA WILKEN
United States District Judge