# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: STUDENT-ATHLETE NAME &
LIKENESS LITIGATION                                                  MDL No. 2212

## ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiffs alleging publicity rights claims in the consolidated Northern District of California actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. The litigation currently consists of eleven actions listed on Schedule A and pending in three districts, nine actions pending in the Northern District of California, and one action each in the District of New Jersey and the Eastern District of Tennessee.

Seventeen plaintiffs alleging antitrust claims in the consolidated Northern District of California actions support the motion. Defendants in the Northern District of California actions, Collegiate Licensing Company and the National Collegiate Athletic Association, do not oppose centralization, but if the Panel deems centralization to be appropriate, suggest centralization in the Southern District of Indiana or the District of New Jersey. The Eastern District of Tennessee plaintiff opposes centralization or, alternatively, suggests that the Panel conditionally deny the motion to allow for the resolution of his pending motion to remand to state court. If the Panel deems centralization to be appropriate, this plaintiff supports centralization in the Northern District of California. The District of New Jersey plaintiff opposes centralization. Common defendant Electronic Arts Inc. (Electronic Arts) opposes the motion or, alternatively, suggests centralization in the District of New Jersey.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. At first blush, the present Section 1407 motion and its underlying cases seem quite complex. Each aspect of this litigation has become a controversy, with even movants' notice of related action subject to challenge. However, upon closer examination, we are persuaded that this litigation can be effectively managed by informal coordination among the parties. Nine actions are already pending in the Northern District of California before Judge Claudia Wilken in a consolidated fashion. There are, therefore, effectively only three actions pending, one each in the Northern District of California, the District of New Jersey and the Eastern District of Tennessee. Judge Wilken has already appointed interim lead counsel in the Northern District of California actions, who can facilitate informal coordination of discovery

---

[*] Judge Vratil took no part in the decision of this matter.

among these actions.

We find most persuasive that, of all responding parties, those who would be most affected by centralization – the District of New Jersey and Eastern District of Tennessee plaintiffs and defendant Electronic Arts – do not believe that centralization would be beneficial. Indeed, while Electronic Arts, the only common party among all actions, stands to benefit most from the efficiencies created by centralization, it prefers to leave the cases where they are currently proceeding, because it believes that centralization would be disruptive to the efficient conduct of each action with little overall benefit. We agree. As all parties to the District of New Jersey and Eastern District of Tennessee actions oppose centralization, and the consolidated Northern District of California actions are proceeding efficiently, we see no reason to disrupt the progress of these actions. Alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Barbara S. Jones
Paul J. Barbadoro

IN RE: STUDENT-ATHLETE NAME &
LIKENESS LITIGATION                                             MDL No. 2212


# APPENDIX A


<u>Northern District of California</u>

Ishmael Thrower v. National Collegiate Athletic Association, et al., C.A. No. 3:10-00632
Samuel Michael Keller v. Electronic Arts Inc., et al., C.A. No. 4:09-01967
Edward C. O'Bannon, Jr. v. National Collegiate Athletic Association, et al.,
   C.A. No. 4:09-03329
Bryon Bishop v. Electronic Arts, Inc., et al., C.A. No. 4:09-04128
Craig Newsome v. National Collegiate Athletic Association, et al., C.A. No. 4:09-04882
Michael Anderson v. National Collegiate Athletic Association, et al., C.A. No. 4:09-05100
Danny Wimprine v. National Collegiate Athletic Association, et al., C.A. No. 4:09-05134
Samuel Jacobson v. National Collegiate Athletic Association, et al., C.A. No. 4:09-05372
Damien Rhodes v. National Collegiate Athletic Association, et al., C.A. No. 4:09-05378

<u>District of New Jersey</u>

Ryan Hart et al. v. Electronic Arts, Inc., et al., C.A. No. 3:09-05990

<u>Eastern District of Tennessee</u>

Tommy Hubbard v. Electronic Arts Inc., C.A. No. 2:09-00234