1  MICHAEL D. HAUSFELD (*pro hac vice*)
   mhausfeld@hausfeldllp.com
2  HILLARY K. SCHERRER (SBN 209451)
   hscherrer@hausfeldllp.com
3  SATHYA S. GOSSELIN (SBN 269171)
   sgosselin@hausfeldllp.com
4  SWATHI BOJEDLA (*pro hac vice*)
   sbojedla@hausfeldllp.com
5  HAUSFELD LLP
   1700 K Street, NW, Suite 650
6  Washington, DC 20006
   Telephone:  (202) 540-7200
7  Facsimile:  (202) 540-7201

8  MICHAEL P. LEHMANN (SBN 77152)
   mlehmann@hausfeldllp.com
9  BRUCE J. WECKER (SBN 78530)
   bwecker@hausfeldllp.com
10 HAUSFELD LLP
   44 Montgomery Street, 34th Floor
11 San Francisco, CA 94104
   Telephone:  (415) 633-1908
12 Facsimile:   (415) 358-4980

13 *Antitrust Plaintiffs' Class Counsel*

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                           OAKLAND DIVISION

17

18
   EDWARD C. O'BANNON, JR. on behalf          Case No. 4:09-cv-3329 CW
19 of himself and all others similarly situated,
                                              **ANTITRUST PLAINTIFFS' NOTICE OF**
20                Plaintiffs,                 **MOTION AND MOTION TO STRIKE THE**
                                              **DECLARATION OF DANIEL L.**
21         v.                                 **RUBINFELD**

22 NATIONAL COLLEGIATE ATHLETIC               Judge:       The Honorable Claudia Wilken
   ASSOCIATION (NCAA); ELECTRONIC             Courtroom: 2, 4th Floor
23 ARTS, INC.; and COLLEGIATE                 Trial:       June 9, 2014
   LICENSING COMPANY,
24
25                Defendants.
26
27
28

TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that as soon as the Court's schedule allows, in Courtroom 2, 4th Floor, of the above-captioned Court before the Honorable Claudia Wilken, Antitrust Plaintiffs will and hereby do through undersigned counsel, respectfully move the Court for an order to strike the Declaration of Dr. Daniel L. Rubinfeld dated June 3, 2014.

## I.  MEMORANDUM OF POINTS AND AUTHORITIES

On June 3, 2014, long after the deadline for expert discovery had passed and three business days before trial, the National Collegiate Athletic Association ("NCAA") sent to the Antitrust Plaintiffs ("APs") a declaration of Daniel L. Rubinfeld ("Declaration").  The Declaration seeks to bolster Dr. Rubinfeld's earlier submissions with calculations purportedly measuring competitive balance, calculations purportedly showing the relationship between team financial resources and competitive performance, and calculations purportedly estimating compensation differentials between schools under one of the APs' damage scenarios, notwithstanding that this is now a case about injunctive relief.  These new calculations and opinions are based on raw data from the internet and data from the expert report of APs' expert Dr. Daniel A. Rascher, served in September 2013.  The NCAA has not provided justification or explanation for its blatant violation of the Court's scheduling Order.

This new, supplemental expert report, disguised as a declaration, is untimely and must be stricken.  On September 10, 2013, this Court entered an Order setting forth the schedule for expert discovery in this action.  Case No. 09-1967, Dkt. No. 855 (hereafter, "Dkt. No. __").  That order provided that opening expert reports on the merits be exchanged on September 25, 2013, and that rebuttal expert reports be exchanged on November 5, 2013.  The NCAA has flouted these deadlines and precluded the Declaration from being challenged by a *Daubert* motion, which would have been due on November 18, 2013.

The Declaration is not based on discovery of new information. Dr. Rubinfeld states that the Declaration "contains additional evidence supporting my opinions on competitive balance, previously expressed in the Rubinfeld Merits Report and the Rubinfeld Merits Rebuttal Report." Declaration, ¶1. On May 30, 2014, in accordance with the Court's Order, APs' expert Dr. Roger

1   G. Noll submitted a supplemental report to address new facts related to the NCAA's significant

2   contemplated governance reforms. Dkt. No. 1105; Tr. of May 28, 2014 Pretrial Conference at

3   60-70. The Court permitted Dr. Noll to supplement his previous reports because those new facts

4   were not available when Dr. Noll prepared his previous reports. Dr. Rubinfeld's Declaration does

5   not address Dr. Noll's supplemental report. Instead, the Declaration is based on facts that were

6   available to Dr. Rubinfeld a long time ago.

7          The NCAA's gambit cannot be permitted on the ground that it is some type of

8   supplemental disclosure under Rule 26(e). "[S]upplementary disclosures do not permit a party to

9   introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" *Plumley*

10   *v. Mockett*, 836 F.Supp.2d 1053, 1062 (C.D. Cal. 2010) ("*Plumley*"). Permissible

11   supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report

12   based on information that was not available at the time of the initial disclosure." *Diaz v. Con-Way*

13   *Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012).

14          These requirements for permissible supplementation are not satisfied here and the

15   Declaration should be stricken. "Although Rule 26(e) obliges a party to 'supplement or correct'

16   its disclosures upon information later acquired, this 'does not give license to sandbag one's

17   opponent with claims and issues which should have been included in the expert witness' report . .

18   . . To rule otherwise would create a system where preliminary reports could be followed by

19   supplementary reports and there would be no finality to expert reports . . . .'" *Plumley*, 836

20   F.Supp.2d at 1062.

21          Accordingly, "a supplemental expert report that states additional opinions or seeks to

22   strengthen or deepen opinions expressed in the original expert report is beyond the scope of

23   proper supplementation and subject to exclusion under Rule 37(c)." *Plumley,* 836 F.Supp.2d at

24   1062 (citing *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 433 (N.D. Okla. 2008))

25   (internal quotation marks omitted); *see also East West, LLC v. Rahman*, 1:11CV1380 JCC/TCB,

26   2012 WL 4105129, at *7 (E.D. Va. Sept. 17, 2012) (defendants' expert report was not "true

27   supplementation" because it was intended to expand their earlier expert report and impermissibly

28   broaden the scope of the expert opinions and was not based on discovery of new information);

ANTITRUST PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO STRIKE DECL. OF RUBINFELD
4:09-CV 3329 CW

1  *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd*., 769 F. Supp. 2d 269, 277-78

2  (S.D.N.Y. 2011) ("[i]f an expert's report 'does not rely [on] any information that was previously

3  unknown or unavailable to him,' it is not an appropriate supplemental report"). Put simply,

4  "experts are not free to continually bolster, strengthen, or improve their reports by endlessly

5  researching the issues they already opined upon, or to continually supplement their opinions."

6  *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 04 CIV. 3531 LTS HBP, 2014 WL

7  1243685, at *11 (S.D.N.Y. Mar. 26, 2014), *reconsideration denied*, 2014 WL 1855259 (S.D.N.Y.

8  May 7, 2014).

9         This is exactly what happened here. Dr. Rubinfeld has not attempted to "supplement" his

10  initial report on the basis of newly discovered information, nor has he endeavored to correct any

11  errors or omissions. Rather, Dr. Rubinfeld's new Declaration is a last-minute attempt to bolster

12  and expand upon his prior reports in violation of the Court's scheduling order. That tactic is not

13  permissible under Rule 26(e). *Akeva LLC v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C. 2002)

14  ("[t]o construe supplementation to apply whenever a party wants to bolster or submit additional

15  expert opinions would reek [*sic*] havoc in docket control and amount to unlimited expert opinion

16  preparation").

17         Because Dr. Rubinfeld's Declaration is improper supplementation, it is necessarily

18  untimely. Pursuant to Fed. R. Civ. P. 37(c)(1), the Declaration, and any attendant testimony, must

19  be excluded absent a substantial justification for the belated submission or a showing that the

20  failure to make timely disclosure was harmless. *See* Fed. R. Civ. P. 37(c)(1) (a party failing to

21  provide information required by Rule 26(a) or (e) "is not allowed to use that information ... to

22  supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

23  justified or is harmless"); *Great American Ins. Co. of N.Y. v. Summit Exterior Works, LLC*, No.

24  3:10 CV 1669 (JGM), 2012 WL 459885, at *7 (D. Conn. Feb. 13, 2012) ("Rule 37(c)(l)'s

25  preclusionary sanction is automatic absent a determination of either substantial justification or

26  harmlessness"); *Jarrow Formulas, Inc. v. Now Health Group, Inc.*, No. CV 10–8301 PSG (JCx),

27  2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012) ("[e]xcluding expert evidence as a sanction

28  for failure to disclose expert witnesses in a timely fashion is automatic and mandatory unless the

ANTITRUST PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO STRIKE DECL. OF RUBINFELD
4:09-CV 3329 CW

1   party can show the violation is either justified or harmless."). The party facing Rule 37(c)(1)

2   sanctions has the burden of proving the failure to comply was substantially justified or harmless.

3   *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001). No showing

4   of bad faith or willfulness is required. *Id.* at 1106.

5         The Ninth Circuit has made it clear that late disclosure of information required by Rule

6   26(a) is not harmless when there is disruption to the court schedule and other parties. *See*

7   *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (late

8   disclosure of damages calculations excluded because "modifications to the court's and the

9   parties' schedules supports a finding that the late disclosure of damages analysis was not

10  harmless"); *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir.2005) (as

11  amended); *NW Pipe Co. v. DeWolff, Boberg & Associates, Inc*., EDCV 10-0840-GHK, 2012 WL

12  137585 (C.D. Cal. Jan. 17, 2012). Here, the NCAA offers no justification for its failure to timely

13  disclose Dr. Rubinfeld's latest opinions.

14        The Ninth Circuit has identified the following factors that the courts should consider in

15  determining the appropriateness of exclusion under Rule 37 (c)(1): (1) the public's interest in

16  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

17  prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits;

18  and (5) the availability of less drastic sanctions. *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th

19  Cir. 1997) ("*Wendt*") (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

20        Here, each of the *Wendt* factor supports exclusion, particularly the second, the third and

21  the fifth. The APs will be prejudiced if Dr. Rubinfeld's Declaration is considered. The NCAA has

22  submitted a new report containing numerous calculations and economic analyses on the eve of the

23  trial while the APs are preparing the presentation of their case-in-chief and after the deadlines for

24  filing *Daubert* motions and motions *in limine* have long passed. The new Declaration disobeyed

25  the Court's scheduling order.

26        By any standard, the submission of this Declaration is improper and should be stricken

27  from the record. *See Storage Tech. Corp. v. Cisco Sys.,* No. C 00-1176SI, 2001 U.S. Dist. LEXIS

28  25876 (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert report where the late

submission prevented the opposing party from being able to properly respond to it); *see also O'Connor v. Boeing N. Am., Inc.*, No. CV 97-1554 DT (RCx), 2005 WL 6035243, at *7 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into evidence would improperly widen the trial issues at the eleventh hour, and would unduly prejudice [the opposing party] in preparing for trial. Moreover, the new opinions appear based on information that was available to these experts at the time of their initial Rule 26 disclosures.").

The NCAA offered a potential deposition of Dr. Rubinfeld later this week, strictly limited to issues raised in his Declaration. This, however, is too little too late. "Rule 26(e) permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report. A party's failure to disclose in accordance with Rule 26 cannot be considered 'justified' or 'harmless' simply because the opposing party had an opportunity to depose the witness, which would shift to the opposing party the burden that Rule 26 indisputably places on the party calling the witness." *Palmetto Pharmaceuticals LLC v. AstraZeneca Pharmaceuticals LP*, No. 2:11cv807, 2012 WL 4369259, at *2 (D.S.C. July 18, 2012); *see also Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCx), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (offering a deposition 15 days before trial "does not afford defendants adequate opportunity either to prepare to meet [the expert's] testimony at trial or to complete the myriad other activities to which they must attend before trial"); *Baden Sports, Inc. v. Molten*, C06-210MJP, 2007 WL 2220215 (W.D. Wash. Aug. 1, 2007) (plaintiff's offer to allow defendant to depose the expert again on the supplemental report, six days before the start of trial, does not remedy the prejudice created by the late disclosure).

For the reasons above, the APs respectfully request that the Court strike the Declaration and exclude any matters raised therein from trial.

1    Dated: June 4, 2014                      Respectfully submitted,

2

3                                     By:  _/s/Michael P. Lehmann_____
                                          Michael P. Lehmann (Cal. Bar No. 77152)
4                                         Arthur N. Bailey, Jr. (Cal. Bar No. 248460)
                                          HAUSFELD LLP
5                                         44 Montgomery Street, 34th Floor
                                          San Francisco, CA 94104
6                                         Telephone:  (415) 633-1908
                                          Facsimile:  (415) 358-4980
7                                         E-mail:mlehmann@hausfeldllp.com
                                              abailey@hausfeldllp.com
8

9                                         Michael D. Hausfeld (*pro hac vice*)
                                          Hilary K. Scherrer (Cal. Bar No. 209451)
10                                        Sathya S. Gosselin (Cal. Bar. No. 269171)
                                          Swathi Bojedla (*pro hac vice*)
11                                        HAUSFELD LLP
                                          1700 K Street, NW, Suite 650
12                                        Washington, DC 20006
                                          Telephone:  (202) 540-7200
13                                        Facsimile:  (202) 540-7201
                                          E-mail:mhausfeld@hausfeldllp.com
14                                            hscherrer@hausfeldllp.com
                                              sgosselin@hausfeldllp.com
15                                            sbojedla@hausfeldllp.com
16

17                                        *Antitrust Plaintiffs' Class Counsel*

18

19

20

21

22

23

24

25

26

27

28

ANTITRUST PLAINTIFFS' NOTICE OF MOTION AND
                                            MOTION TO STRIKE DECL. OF RUBINFELD
                                                       4:09-CV 3329 CW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2014, I served the foregoing document on counsel by filing it via the Court's CM/ECF system, which will send an email notice to all registered parties.

*/s/ Sathya S. Gosselin*
Sathya S. Gosselin
