IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDWARD O'BANNON, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,<br><br>        Defendants.<br>_____/ | No. C 09-3329 CW<br><br>ORDER GRANTING IN PART MOTIONS TO SEAL (Docket Nos. 177, 178) |

On June 4, 2014, non-parties Conference USA (CUSA) and the Big 12 Conference each moved to seal certain trial exhibits and to close the courtroom during testimony concerning those exhibits. Plaintiffs oppose both motions. After considering the conferences' submissions and Plaintiffs' opposition, the Court grants the motions in part and denies them in part.

## DISCUSSION

Trial exhibits may only be sealed for compelling reasons. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal citations and alterations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (internal citations and alterations omitted). "The mere

fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).  Nor will the moving party's reference to a "stipulation or protective order that allows a party to designate certain documents as confidential."  Civil L.R. 79-5(d)(1)(A).

Here, CUSA and the Big 12 move to seal portions of certain broadcast licensing agreements, related term sheets, a 2009 memorandum written by a conference commissioner, and a 2009 e-mail exchange between conference and university administrators.  The conferences assert that these documents are sealable because they contain trade secrets and other proprietary information.

The conferences' sealing requests are overbroad.  They seek to seal hundreds of pages of licensing agreements, only some of which actually contain potentially sensitive information.  Indeed, some portions of these agreements became public months ago when they were submitted as supporting exhibits in connection with other motions filed in this case.  See, e.g., Docket No. 811-4 in case no. 09-1967 (opening page of licensing agreement between CUSA and CSTV Networks); Docket No. 808-15 in case no. 09-1967 (opening two pages of licensing agreement between Big 12, ABC, and ESPN).  The conferences have not presented any compelling reasons for sealing these licensing agreements in their entirety nor have they identified compelling reasons for sealing any portions of the memorandum or e-mail exchange.

That said, certain portions of the licensing agreements are sealable. In particular, the specific dollar amounts mentioned in the agreements may be sealed because their public disclosure could hinder the conferences' ability to negotiate licensing agreements with broadcasters in the future. The parties shall therefore refrain from referring to these dollar amounts during the trial and redact these dollar amounts from any exhibits submitted to the Court or displayed on the courtroom monitors. All other information contained in the broadcasting licenses shall remain unsealed. The memorandum and e-mail exchange shall also remain unsealed.

## CONCLUSION

For the reasons set forth above, CUSA's motion to seal (Docket No. 177) and the Big 12's motion to seal (Docket No. 178) are GRANTED in part and DENIED in part. The parties shall refrain from referring to the sealable information contained in the conferences' licensing agreements and displaying any sealable information on the courtroom monitors during the trial. The courtroom will not be closed during any discussion or testimony concerning these exhibits.

IT IS SO ORDERED.

Dated: 6/10/2014

CLAUDIA WILKEN
United States District Judge