**BOIES, SCHILLER & FLEXNER LLP**

5301 WISCONSIN AVENUE, N.W. • WASHINGTON, D.C. 20015-2015 • PH. 202.237.2727 • FAX 202.237.6131

June 12, 2014

The Honorable Claudia Wilken
United States District Judge
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

        Re:    *O'Bannon v. NCAA, et al.*
               Case No. 09-cv-3329-CW

Dear Judge Wilken:

       In the interest of streamlining these trial proceedings, counsel for Plaintiffs have met and conferred throughout this week with counsel for the National Collegiate Athletics Association ("NCAA") regarding the admission into evidence of the proposed summary exhibits enclosed herein as Attachment A. Unable to reach an agreement on this issue, Plaintiffs hereby apprise the Court of this dispute and ask the Court to rule that these summary exhibits are admissible as summary exhibits under Federal Rule of Evidence ("FRE") 1006, or, in the alternative, to hear from the parties at the beginning of the day on Friday, June 13 on this issue.

       The parties previously stipulated and agreed that "Any party planning to use a schedule, summary or diagram, or chart at trial, whether as a summary exhibit under Federal Rule of Evidence 1006 or as a demonstrative aid, will disclose a copy of that exhibit or aid to the opposing party and the Court no less than 48 hours before its anticipated use at trial . . . ." *Keller v. NCAA*, Case No. 09-cv-1967-CW, Dkt. No. 1038 at 3. Pursuant to that stipulation, Plaintiffs disclosed to the NCAA and the Court the summary exhibits in Attachment A on Saturday, June 7 for use during the examination of Plaintiffs' expert, Daniel Rascher.

       The summary exhibits were not disclosed in Dr. Rascher's expert reports and Dr. Rascher will not be asked for his opinions on the exhibits. Dr. Rascher is prepared to testify that the exhibits are summary exhibits for the purpose of FRE 1006. If Plaintiffs were unable to introduce these exhibits through Dr. Rascher, then Plaintiffs would seek to introduce these exhibits through, as was disclosed in their pretrial filings, a lay witness who can "authenticate and introduce certain of Antitrust Plaintiffs' summary trial exhibits." Antitrust Plaintiffs' Witness List, *Keller*, Dkt. No. 1064-2, at ¶ 25.

       These summary exhibits were compiled from Equity in Athletics Disclosure Act ("EADA") data that Dr. Rascher relied upon in his declaration and expert reports and were produced in his backup, as well as offered as a (very large) trial exhibit. These data "are

BOIES, SCHILLER & FLEXNER LLP

submitted annually as required by the Equity in Athletics Disclosure Act (EADA), via a Web-based data collection, by all co-educational postsecondary institutions that receive Title IV funding (i.e., those that participate in federal student aid programs) and that have an intercollegiate athletics program." The Equity in Athletics Data Analysis Cutting Tool, http://ope.ed.gov/athletics/ (last visited June 12, 2014). In their April 30, 2014 pretrial exchange with the NCAA, Plaintiffs also disclosed that they may introduce EADA data on "football revenues generated by FBS and Division I-A schools and men's basketball revenues generated by Division I schools for the years 2000-2012." The NCAA lodged no objection to the use of this data. *Keller*, Dkt. No. 1070-5, at 139.

To avoid unnecessary testimony, Plaintiffs' counsel has proposed that the exhibits simply be admitted as summary exhibits without the need of testimony. Plaintiffs' counsel also indicated that they will agree to accurate summary exhibits disclosed by the NCAA, not object to them on relevance grounds, and will make any argument about the relevance of NCAA summary exhibits at trial or post-trial briefing.

On Wednesday and Thursday, counsel for Plaintiffs and the NCAA again met and conferred on the admissibility under FRE 1006 of these summary exhibits through Dr. Rascher. The NCAA has not consented to their introduction through Dr. Rascher.

Plaintiffs respectfully request that the Court rule that the summary exhibits in Attachment A may be admitted through Dr. Rascher under FRE 1006 or that the Court hear from the parties on this issue at the commencement of the trial day on Friday, June 13.

Counsel for both sides also continued to meet and confer on Dr. Rascher's supplemental demonstrative aids offered as rebuttal testimony in response to Dr. Rubinfeld's June 3 declaration that are the subject of Plaintiffs' bench memorandum filed on June 11. *O'Bannon*, Dkt. No. 206. Counsel were unable to reach an agreement. Plaintiffs further request that the Court permit Dr. Rascher to rebut Dr. Rubinfeld's June 3 declaration and use these demonstrative aids during his direct examination tomorrow, or that the Court hear from the parties on this issue at the commencement of the trial day.

Sincerely,

William A. Isaacson
*Counsel for Plaintiffs*

Enclosure: Attachment A