IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD O'BANNON, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,<br><br>    Defendants.<br>_____ / | No. C 09-3329 CW<br><br>ORDER APPROVING STIPULATION; GRANTING IN PART MOTION TO SEAL; DENYING AS MOOT MOTION TO INTERVENE (Docket Nos. 200, 204, 209) |

On June 12, 2014, the parties filed a stipulation with non-party CBS Broadcasting, Inc. resolving CBS's motion to intervene. The stipulation also resolved a portion of Defendant National Collegiate Athletic Association's (NCAA) motion to seal.

This stipulation is approved except with respect to its provisions addressing subsections 1(g) and 1(h) of the April 2010 "Multi-Media Agreement" between CBS, the NCAA, and Turner Broadcasting System, Inc. (Exhibit 400).  Although the parties stipulated to redacting subsections 1(g) and 1(h) in their entirety from any trial exhibits, the Court finds that those subsections may only be partially redacted.  The remaining portions of the NCAA's motion to seal are resolved as set forth below.

DISCUSSION

The NCAA moves to seal portions of an August 2010 "Digital Rights Agreement" (Exhibit 2218) between the NCAA and Turner.

Trial exhibits may only be sealed for compelling reasons. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th

Cir. 2006). "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal citations and alterations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (internal citations and alterations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)). Nor will the moving party's reference to a "stipulation or protective order that allows a party to designate certain documents as confidential." Civil L.R. 79-5(d)(1)(A).

Plaintiffs have represented that the trial exhibits they intend to introduce only contain excerpts from subsections 2.A.3.a.vi, 2.A.3.a.vii, 2.C.1.c, 3.A, 3.D, 4.B.6, and 4.B.7 of the August 2010 agreement. The NCAA, Turner, and CBS have not provided any compelling reasons for sealing these provisions.[1] Accordingly, Plaintiffs need not redact or excise from their trial

---

[1] The NCAA notes that the magistrate judge previously granted its request to seal these provisions of the August 2010 agreement when Plaintiffs sought to file it in support of their class certification motion. See Case No. 09-1967, Docket No. 645, Nov. 5, 2012 Order. The magistrate judge's sealing order does not govern here, however, because he relied on the "good cause" standard, id. at 2, rather than the higher "compelling reasons" standard that governs motions to seal trial exhibits.

2

1 | exhibits any excerpts from these particular provisions of the
2 | agreement.  They shall, however, redact any trial exhibits that
3 | quote other provisions of the agreement.

## CONCLUSION

The parties' stipulation (Docket No. 209) is APPROVED except with respect to subsections 1(g) and 1(h) of the April 2010 agreement.  The only portions of those subsections that may be redacted are the specific percentages and number of games listed therein.  Any information that has previously been filed in the public record may not be sealed.

The NCAA's motion to seal the August 2010 agreement (Docket No. 200) is GRANTED in part and DENIED in part.  Plaintiffs must redact or excise from their trial exhibits any excerpts from this agreement other than those from subsections 2.A.3.a.vi, 2.A.3.a.vii, 2.C.1.c, 3.A, 3.D, 4.B.6, and 4.B.7.

CBS's motion to intervene (Docket No. 204) is DENIED as moot in light of the stipulation.

IT IS SO ORDERED.

Dated: June 17, 2014

CLAUDIA WILKEN
United States District Judge