MICHAEL D. HAUSFELD (*pro hac vice*)
mhausfeld@hausfeldllp.com
HILARY K. SCHERRER (SBN 209451)
hscherrer@hausfeldllp.com
SATHYA S. GOSSELIN (SBN 269171)
sgosselin@hausfeldllp.com
SWATHI BOJEDLA (*pro hac vice*)
sbojedla@hausfeldllp.com
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, D.C.  20006
Telephone:      (202) 540-7200
Facsimile:       (202) 540-7201

MICHAEL P. LEHMANN (SBN 77152)
mlehmann@hausfeldllp.com
BRUCE J. WECKER (SBN 78530)
bwecker@hausfeldllp.com
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, California  94104
Telephone:      (415) 633-1908
Facsimile:       (415) 358-4980

*Plaintiffs' Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No.  4:09-cv-3329 CW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADMIT EXHIBITS**<br><br>Judge:         The Honorable Claudia Wilken<br>Courtroom:  2, 4th Floor<br>Trial:           June 9, 2014<br>Hearing:      June 25, 2014 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 25, 2014, or as soon as it may be heard, in the above-referenced Court, Plaintiffs will move to admit certain exhibits, as further described herein.

Having met and conferred with the National Collegiate Athletic Association ("NCAA"), Plaintiffs hereby move to admit the following trial exhibits over the NCAA's objections.

<u>PX 2564</u> (attached hereto as Exhibit A):  PX 2564 is an amended version of Exhibit 10 to Dr. Daniel Rascher's September 25, 2013 merits report.  During its use at trial, counsel for the NCAA objected that the exhibit contained references to examples from various universities on which Dr. Rascher did not rely in forming his opinion.  Counsel for the NCAA stated, "If you want to submit it to the court later, I would suggest striking those universities."  Tr. 856:18-19.  Plaintiffs removed the references to these universities, as reflected in the revised PX 2564.  This exhibit is admissible as a summary exhibit of materials upon which Dr. Rascher relied in rendering his opinions.

<u>PX 2282</u> (attached hereto as Exhibit B): Over the NCAA's hearsay objection, PX 2282 is admissible as a statement of a party opponent under Rule 801(d)(2)(A), (C), and/or (D).  PX 2282 is a 2001 Knight Commission Report signed by the then-president of the NCAA, Cedric Dempsey.  He signed it expressly as the President of the NCAA.  PX 2282-6.  As the president of the NCAA with representative capacity, the report is admissible regardless of whether Mr. Dempsey was acting in a representative capacity when making the statements.  Fed. R. Evid. 801, note to subdivision (d) ("If he has a representative capacity and the statement is offered against him in that capacity, no inquiry whether he was acting in the representative capacity in making the statement is required").

<u>PX 2046</u> (attached hereto as Exhibit C): Over the NCAA's hearsay objection, PX 2046 is admissible as a statement of a party-opponent.  Graham Spanier was chair of the Task Force on Commercial Activity and Betsy Altmaier was a member of that task force at the time they wrote these emails, and thus each was an agent of the NCAA.  The statements contained in the e-mails were made regarding the work of that committee and thus were made within the scope of that

authority. Fed. R. Evid. 801(d)(2)(D). Mr. Spanier's statement is also admissible as a statement of a co-conspirator in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E); *see also* Pls.' June 8, 2014 Bench Mem. (Dkt. No. 197) at 8-9 ("Pls.' Bench Mem."). As president of a co-conspirator institution, Mr. Spanier's recommendation that Ms. Altmaier's opinion regarding amending the alleged restraint not be included in the final report was in furtherance of the conspiracy to restrict payment to student athletes for their NIL rights. Alternatively, Ms. Altmaeier's statements may be offered not for their truth but to show the effect on the hearer. Mr. Spanier, an NCAA agent, responded to Betsey Altmaier's email and offered his view of the opinion that Ms. Altmaeir offered in her email. Furthermore, Ms. Altmaier's statements are admissible as statements of belief. Fed. R. Evid. 803(3).

PX 280 (attached hereto as Exhibit D): Over the NCAA's hearsay objection, the statements in PX 280 are admissible as co-conspirator statements in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). They are statements from the various presidents of the Atlantic Coast Conference schools, who are co-conspirators in the conspiracy alleged by Plaintiffs. They are statements made to determine how best to protect the conspiracy from the antitrust laws, and so are made in furtherance of the conspiracy. Alternatively, the statements are admissible as statements of belief. Fed. R. Evid. 803(3).

PX 2598 (attached hereto as Exhibit E): Over the NCAA's hearsay objection, PX 2598 is admissible as non-hearsay. It is a printout of an image that Georgia Tech Marketing tweeted on June 19, 2014. The image is not hearsay, and it is not being admitted for the truth.

PX 2603 (attached hereto as Exhibit F): Over the NCAA's hearsay objection, PX 2603 is admissible as non-hearsay. It is a printout from the Florida State University Seminoles' shopping website showing that the university is selling a Jameis Winston trading card. The image is not a statement.

PX 2604 (attached hereto as Exhibit G): Over the NCAA's hearsay objection, PX 2604 is admissible as non-hearsay. It is a printout from the University of Oregon's shopping website

showing that the university is selling a jersey with one of its star player's number on it. The image is not a statement.

PX 2014 (attached hereto as Exhibit H): Over the NCAA's hearsay objections, PX 2014 is composed of non-hearsay statements of agents of a party-opponent acting within the scope of their employment. Fed. R. Evid. 801(d)(2)(D). In the e-mail, CLC personnel are discussing estimates of a potential licensing deal involving Vince Young. CLC remains an adverse party-opponent in this litigation, so these statements are non-hearsay.

PX 2487 (attached hereto as Exhibit I): Over the NCAA's hearsay objections, PX 2487 is admissible as non-hearsay. It is titled "The State of NCAA Division I Football: A Survey of Division I-A & I-AA Presidents & Chancellors" from January 2002, prepared for the NCAA by an outside consultant. The report itself is non-hearsay because it was requested and authorized by the NCAA. Fed. R. Evid. 801(d)(2)(C). The statements of presidents and chancellors within the report are non-hearsay because the NCAA has manifested a belief in, and an intent to adopt, the statements made in the survey by virtue of making the report public on their own website. *See* http://www.ncaapublications.com/p-4142-state-of-ncaa-d1-football-a-survey-of-division-i-a-i-aa-presidents-chancellors.aspx (last visited June 22, 2014). Therefore, the report and the statements contained therein are non-hearsay.

PX 2095 (attached hereto as Exhibit J): Over the NCAA's hearsay objections, PX 2095 is admissible as a co-conspirator statement in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). This is a presentation to NCAA Division I Board of Directors Subcommittee on Restructuring the NCAA, made by President Bernie Machen of the University of Florida and Chancellor Harvey Perlman of the University of Nebraska. Those institutions, and their leaders, are co-conspirators in the conspiracy alleged by the Plaintiffs. The letter contains statements regarding proposed modifications to the conspiracy so that it can remain intact in the face of mounting pressure. PX 2095-3 (suggesting modifications in order to "preserve the enterprise"). Such statements are in furtherance of the conspiracy and its objectives. Alternatively, the

presentation demonstrates the feasibility of reforms and can be offered not for the truth on those grounds.

   PX 2527 (attached hereto as Exhibit K): Over the NCAA's hearsay objections, PX 2527 is admissible as a co-conspirator statement in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E).  This is a letter signed by each of the presidents of Pac-12 conference member institutions urging other members of the conspiracy to make reforms in order to protect the conspiracy from outside pressure.  Such statements are in furtherance of the conspiracy and its objectives.  Alternatively, the letter demonstrates the feasibility of reforms and can be offered not for the truth on those grounds.

   PX 2616 (attached hereto as Exhibit L): This document is a compilation of GSR and FGR reports for all Big Ten member institutions, which were taken from the NCAA's website. The NCAA's only objection to this exhibit is that it lacks a sponsoring witness.  This position has no basis in the Federal Rules of Evidence.  *See* Pls.' Bench Mem. at 2-3.  Furthermore, counsel for Plaintiffs addressed his intent to introduce the graduation rates for Big Ten schools, and the NCAA raised no objection at that time, when the Big Ten commissioner was still available to testify.  *See* Tr. 2122:5-12.  Given that the NCAA has no objection to PX 2616's admissibility, this exhibit should be admitted.

   PX 2287-1 and -17 (attached hereto as Exhibit M):  PX 2287-17 is a Knight Commission report which recommends that the NCAA change the way in which it distributes money to the schools and conferences.  This statement is not offered for the truth but for the fact that the proposal was made and not acted upon by the NCAA.  PX 2287-1 is offered only for context.

   PX 2057-20 (attached hereto as Exhibit N): Over the NCAA's hearsay objection, PX 2057-20 is admissible as non-hearsay.  PX 2057-20 is a slide from a presentation which was attached to an email sent by Greg Shaheen, a high-level NCAA executive.  Mr. Shaheen's email suggests that the presentation was an NCAA presentation, made by Mr. Shaheen. PX2057-1 ("I really appreciate the time to be with you and your members today…. Attached is a copy of the

presentation.").[1]  Therefore, the presentation constitutes a statement of a party-opponent.  Fed. R. Evid. 801(d)(2)(D).

DX 3081 (attached hereto as Exhibit O):  Over the NCAA's foundation objection, DX 3081 is admissible because the foundation for it is evident from the document.  The document was produced by the NCAA in discovery and is entitled "Discussion of the Application of the Recommendations of the NCAA Study Group on the Use of Student-Athletes' Names and Likenesses."  The document itself describes the NCAA Study Group on the Use of Student-Athletes' Names and Likenesses and goes on to discuss the group's recommendations.  As such, the document lays the foundation for itself.  To the extent that the NCAA's foundation objection is actually a call for a sponsoring witness, as discussed above and in Plaintiffs' Bench Memorandum, no sponsoring witness is necessary.

Dated: June 23, 2014                          Respectfully submitted,

By:  */s/ Swathi Bojedla*
Michael D. Hausfeld (*pro hac vice*)
Hilary K. Scherrer (Cal. Bar No. 209451)
Sathya S. Gosselin (Cal. Bar No. 269171)
Swathi Bojedla (*pro hac vice*)
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone:  (202) 540-7200
Facsimile:  (202) 540-7201
E-mail: mhausfeld@hausfeldllp.com
         hscherrer@hausfeldllp.com
         sgosselin@hausfeldllp.com
         sbojedla@hausfeldllp.com

Michael P. Lehmann (Cal. Bar No. 77152)
Arthur N. Bailey, Jr. (Cal. Bar No. 248460)
HAUSFELD LLP
44 Montgomery St., 34th Floor
San Francisco, CA 94104
Telephone:  (415) 633-1908

---

[1] The NCAA has stipulated to the admissibility of PX 2057-1.  (Dkt. Nos. 236, 239).

Facsimile: (415) 358-4980
E-mail:mlehmann@hausfeldllp.com
abailey@hausfeldllp.com

*Plaintiffs' Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to the e-mail addresses registered.

        /s/ Swathi Bojedla
Swathi Bojedla
*Plaintiffs' Class Counsel with Principal Responsibility for the Antitrust Claims*
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006