IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD O'BANNON, et al.

       Plaintiffs,

  v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,

       Defendants.

No. C 09-3329 CW

ORDER RESOLVING PLAINTIFFS' MOTION TO ADMIT EXHIBITS (Docket No. 240)

On June 23, 2014, Plaintiffs moved to admit fifteen trial exhibits. Defendant National Collegiate Athletic Association (NCAA) objected to the admission of eleven of these exhibits. After considering the parties' submissions, the Court resolves Plaintiffs' motion to admit the exhibits as set forth below.

A.  PX 2564

GRANTED. Dr. Rascher's amended chart may be admitted as a summary exhibit under Federal Rule of Evidence 1006. The NCAA's original objection to this exhibit is now moot in light of the fact that Plaintiffs have removed all references to universities that were not discussed in Dr. Rascher's expert reports.

B.  PX 2282

DENIED. Plaintiffs move to admit the entire 2001 Knight Commission report as an admission of a party opponent because the report was signed by then-NCAA president Cedric Dempsey. The fact that Dempsey was one of the twenty-seven signatories to this report, however, does not suffice to convert every statement in the report into an admission of the NCAA. Plaintiffs have also

failed to excerpt the relevant portions of the report. For these reasons and those stated in the May 30, 2014 order resolving the motions in limine, this exhibit may not be admitted in its entirety.

C.   PX 2046

GRANTED. This exhibit contains two e-mails sent from university administrators to NCAA officials and other university administrators in 2008. These e-mails may be admitted for the limited purpose of showing their effect on any NCAA officials who received them. United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991). The e-mails may not, however, be admitted as statements of a party opponent because the senders are not agents or employees of the NCAA, even if they serve on NCAA committees. See United States v. Bonds, 608 F.3d 495, 504 (9th Cir. 2010) (recognizing that "statements are admissible under Rule 801(d)(2)(D)" if they were made by the party opponent's "employee or agent").

D.   PX 280

GRANTED. This exhibit contains an e-mail exchange between two NCAA employees regarding statements made by certain university presidents. As with PX 2046, the e-mails contained in this exhibit may be admitted for the limited purpose of showing the effect of those statements on any of the NCAA officials who received them. Payne, 944 F.2d at 1472. The statements of university presidents recounted in the e-mails may not be admitted for their truth as admissions of party opponents nor as statements of co-conspirators made in furtherance of the alleged conspiracy.

2

E.   PX 2598

GRANTED.  The NCAA does not object to the admission of this exhibit.

F.   PX 2603

GRANTED.  The NCAA does not object to the admission of this exhibit.

G.   PX 2604

GRANTED.  The NCAA does not object to the admission of this exhibit.

H.   PX 2014

DENIED.  This exhibit contains an e-mail exchange between various Collegiate Licensing Company (CLC) employees.  None of the e-mails were sent by or to any NCAA agents or employees.  Thus, even though CLC remains an adverse party in this action, the e-mails are not admissible against the NCAA.

I.   PX 2487

GRANTED.  This exhibit contains a 2002 report prepared by an NCAA consultant at the NCAA's request.  The NCAA concedes that the report itself may be admitted as non-hearsay but objects to the admission of certain statements made in the report by university presidents and administrators.  The statements of university presidents and administrators constitute hearsay within hearsay and, as such, may not be admitted for their truth.  The statements do not constitute admissions of party opponents because, as noted above, university presidents and administrators are not agents or employees of the NCAA.

J.   PX 2095

GRANTED.  This exhibit contains a proposal presented to the NCAA Division I Board of Directors in November 2013 by two university presidents.  The proposal does not constitute an admission of a party opponent nor a statement of a co-conspirator made in furtherance of the alleged conspiracy.  Although this proposal may not be admitted for the truth of its content, it may be admitted for the limited purposes of showing its effect on the recipients and the intent, motives, or beliefs of the presenters. Fed. R. Evid. 803(3).

K.   PX 2527

GRANTED.  This exhibit contains a May 2014 letter that the presidents of the twelve universities in the Pac-12 Conference sent to the presidents of universities in the other four major conferences.  This letter may not be admitted for its truth but may be admitted for the limited purposes of showing the existence of less restrictive alternatives and the senders' intent, motives, or beliefs.  Fed. R. Evid. 803(3).

L.   PX 2616

GRANTED.  The NCAA does not object to the admission of this exhibit.

M.   PX 2287-1 & 2287-17

GRANTED.  This exhibit contains an excerpt from a Knight Commission report and may be admitted for the limited purpose of showing that the NCAA refused to act upon certain reform proposals.  The NCAA's only objection to this excerpt -- that it is "cumulative" and duplicative of Mark Emmert's testimony -- does not provide grounds for excluding the exhibit.

4

N.  PX 2057-20

DENIED. This exhibit contains a page from an unidentified PowerPoint presentation. It is not clear who authored the presentation. Although Plaintiffs suggest in their brief that it may have been authored by an NCAA employee, they previously argued that it was authored by a conference commissioner. In light of this ambiguity, the exhibit may not be admitted.

O.  PX 3081

GRANTED. This exhibit contains a document entitled, "Discussion of the Application of the Recommendations of the NCAA Study Group on the Use of Student-Athletes' Names and Likenesses." This exhibit may be admitted for the limited purpose of showing its effect on any NCAA officials who participated in the study group's discussion or were otherwise presented with the group's findings.

## CONCLUSION

The NCAA's objections to these exhibits are resolved as set forth above.

IT IS SO ORDERED.

Dated: June 30, 2014

                            CLAUDIA WILKEN
                            United States District Judge