GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
ROHIT K. SINGLA (State Bar No. 213057)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

GREGORY L. CURTNER (*Pro Hac Vice*)
gcurtner@schiffhardin.com
ROBERT J. WIERENGA (State Bar No. 183687)
rwierenga@schiffhardin.com
KIMBERLY K. KEFALAS (*Pro Hac Vice*)
kkefalas@schiffhardin.com
SCHIFF HARDIN LLP
350 Main St., Suite 210
Ann Arbor, MI  48104
Telephone:     (734) 222-1500
Facsimile:     (734) 222-1501

Attorneys for Defendant
National Collegiate Athletic Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| EDWARD O'BANNON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC., <br><br> Defendants. | Case No. 4:09-CV-3329-CW <br><br> **DEFENDANT NCAA'S OPPOSITION TO THE ADMISSION OF SUMMARY EXHIBITS PREPARED BY DR. RASCHER** <br><br> Judge:   Hon. Claudia Wilken <br><br> Judge:         Hon. Claudia Wilken <br> Courtroom: 2, 4th Floor <br> Trial:          June 9, 2014 |

On June 13, 2014, the NCAA objected to the presentation of certain "summary exhibits", TX 2537-2543, prepared by Plaintiffs' expert Dr. Daniel A. Rascher.  Trial Tr. at 826:10-829:4.  The Court ruled that it would provisionally admit these summary exhibits provided that Plaintiffs file a declaration from an expert explaining the purported use of the exhibits, and subject to NCAA's response.  *Id.*  On June 15, 2014, Plaintiffs submitted the Declaration of Daniel A. Rascher in Opposition to NCAA's Objections to Plaintiffs' Summary Exhibits.  Dkt. No. 214.  As prescribed by the Court, the NCAA hereby responds to Dr. Rascher's declaration and respectfully requests that the Court deny admission of TX 2537-2543 on the grounds that these exhibits were not timely disclosed and are not admissible summary exhibits under Federal Rule of Evidence 1006.

Plaintiffs concede that these materials were not included in Dr. Rascher's four lengthy expert reports, and argue instead that the data are admissible under Federal Rule of Evidence 1006 as "summary exhibits" of voluminous data.  There are three separate problems with this theory.

First, an exhibit is admissible under Rule 1006 only if the underlying data are themselves admissible, and here the underlying data are inadmissible hearsay.  *See Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) ("A proponent of a summary exhibit must establish a foundation that . . . the underlying materials on which the summary exhibit is based are *admissible in evidence*"); *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (same).  The underlying data for the proffered summary exhibits are from a Department of Education database populated by individual colleges with summaries of their own athletic department accounting records.  Regardless of whether this data may be relied on by experts, the data are double hearsay for admissibility purposes.  Plaintiffs have made no effort to demonstrate that the underlying data are themselves admissible.

Second, these charts and data represent quintessential expert analysis that was not timely disclosed.  *See* Fed. R. Civ. P. 26(a), 37(c)(1).  Dr. Rascher provided similar charts and data as part of his testimony, which were admitted.  But Plaintiffs are seeking to supplement and expand the scope of Dr. Rascher's expert testimony with this new data.  Indeed, Plaintiffs have argued that the Court could interpret and rely on these new data by applying Dr. Rascher's opinions regarding

the analyses he actually did to these new data and charts. That seriously undermines the disclosure requirements of Rule 26. An expert could disclose analysis and opinions regarding, for example, just one college, and then at trial introduce similar data on 350 colleges as a "summary exhibit." Plaintiffs had ample opportunity to develop their expert testimony and should be bound by their disclosures. *See, e.g.*, *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)").

Third, the voluminous data Plaintiffs seek to introduce as "summary exhibits" are neither useful nor relevant without admissible testimony to explain them. The Court cannot rely on counsel's arguments regarding the meaning of the data and charts. The very purpose of Rule 1006 is to enable a witness when presenting his or her testimony to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Without admissible testimony, the proffered exhibits serve no summarizing purpose, lack foundation and relevance, and are likely to mislead.

Rule 1006 was not intended as an end run around Rule 26 and the rules of evidence, to permit parties to introduce the contents of voluminous unexplained and inadmissible data into evidence without a witness. For these reasons, TX 2537-2543 should not be admitted into evidence.

DATED: July 1, 2014

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Jeslyn A. Miller*
JESLYN A. MILLER

Attorneys for Defendant
National Collegiate Athletic Association