MICHAEL D. HAUSFELD (*pro hac vice*)
mhausfeld@hausfeldllp.com
HILARY K. SCHERRER (SBN 209451)
hscherrer@hausfeldllp.com
SATHYA S. GOSSELIN (SBN 269171)
sgosselin@hausfeldllp.com
SWATHI BOJEDLA (*pro hac vice*)
sbojedla@hausfeldllp.com
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, D.C. 20006
Telephone:    (202) 540-7200
Facsimile:    (202) 540-7201

MICHAEL P. LEHMANN (SBN 77152)
mlehmann@hausfeldllp.com
BRUCE J. WECKER (SBN 78530)
bwecker@hausfeldllp.com
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, California  94104
Telephone:    (415) 633-1908
Facsimile:    (415) 358-4980

*Plaintiffs' Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. 4:09-cv-3329 CW<br><br>**PLAINTIFFS' REPLY TO DEFENDANT NCAA'S OPPOSITION TO THE ADMISSION OF SUMMARY EXHIBITS PREPARED BY DR. RASCHER**<br><br>Judge:    The Honorable Claudia Wilken<br>Courtroom: 2, 4th Floor<br>Trial:    June 9-27, 2014 |

The NCAA's objections to the admission of summary exhibits PX 2537-2543, provisionally admitted through Plaintiffs' expert, Daniel Rascher ("Dr. Rascher"), are unfounded and untimely.

First, Plaintiffs have not offered these exhibits as a basis for expert opinion, and no expert testimony is required to explain them. *See* Pls.' June 29, 2014 Mot. to Admit Exhibits (Dkt. No. 256) at 2 and cases cited therein. As Plaintiffs' counsel represented at trial, "We can have [Dr. Rascher] explain what the data is but not offer any opinions upon it." Tr. 825:2-3. This is precisely the purpose for Dr. Rascher's declaration. In it, Dr. Rascher explained what data each exhibit summarized. Rascher June 15, 2014 Decl. ¶¶ 9-13 (Dkt. No. 214). He offered no <u>opinion</u> about the data. *Id*. Moreover, contrary to the NCAA's contentions, no testimony—expert or otherwise—beyond that which Dr. Rascher set forth in his declaration is required to explain the exhibits. The exhibits present simple summaries of revenues and expenses over time for FBS football and Division I men's basketball programs. *See id*. They do not present, and are not offered to support, opinions. In fact, upon the Court's suggestion that Dr. Rascher's declaration <u>could</u> offer an opinion, counsel for Plaintiffs responded, "They're objecting to the opinion, and so I'm not trying to get into that fight." Tr. 825:6-7. Plaintiffs offered these exhibits as quintessential summary exhibits admissible under FRE 1006.

Second, the exhibits are proper FRE 1006 exhibits because, contrary to the NCAA's claims, the data underlying them <u>are</u> admissible. *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) (requiring underlying information to be admissible for the admission of a summary exhibit).

Moreover, the NCAA waived any objection to the admissibility of the data by failing to object to their inclusion on the Plaintiffs' pre-trial exhibit list. NCAA's Objections to Plaintiffs' Exhibit List, Case No. 09-cv-1967 (Dkt. No. 1070-5) at 138. The NCAA compounded its waiver when, after the Court provisionally admitted the exhibits on June 13, 2014, Tr. 828:12, it lodged no objection to the Plaintiffs' use of two of the exhibits, PX 2542 and 2543, during the examination of Britton Banowsky. Tr. 2341:21-22, 2344: 8-9. The NCAA, in other words, waited to file its objections until seven weeks after the due date for objections to the Plaintiffs' exhibit

list, two weeks after the Court's provisional ruling, and nine days after two of the exhibits were used with an NCAA witness. Because of these multiple waivers, the NCAA's objections should be overruled.

Even absent the NCAA's waivers, the underlying data are admissible as public records under FRE 803(8). The data are "a record or statement of a public office" that set out "a matter observed while under a legal duty to report," FRE 803(8)(A), and "neither the source of the information nor other circumstances indicate a lack of trustworthiness." FRE 803(8)(B). As Dr. Rascher explained, the Equity in Athletics Disclosure Act ("EADA") requires the Department of Education ("DOE") to publish data on sport-by-sport revenues and expenditures for all U.S. colleges and universities that operate athletic programs. Rascher June 15, 2014 Decl. ¶ 3 (Dkt. No. 214). The statute provides that the Secretary of the Department of Education "<u>shall</u> compile and publish a report containing the information required under paragraph (1) broken down by— (A) individual institutions of higher education; and (B) athletic conferences recognized by the National Collegiate Athletic Association and the National Association of Intercollegiate Athletics." 20 U.S.C. § 1092(e)(5) (emphasis added).[1] Thus, college and university athletic departments are under a legal duty to report their financial data to the DOE, and the DOE in turn is under a legal duty to make that data public. The DOE fulfills this duty by publishing the data on its website at http://ope.ed.gov/athletics/. This website is the source of the information contained in the challenged exhibits, PX 2537-2543.

The exhibits are thus proper summary exhibits under FRE 1006. They are based on admissible evidence and summarize "voluminous writings . . . that cannot be conveniently examined in court." FRE 1006. Further, the Plaintiffs have made available the underlying EADA data, as Dr. Rascher included it in his backup to his various expert reports, June 15, 2014 Decl. ¶ 2 (Dkt. No. 214), and Plaintiffs included it on their exhibit list and identified the DOE website from which it was retrieved. *See Choike v. Slippery Rock Univ. of Pennsylvania of State Sys. of*

---

[1] Paragraph (1), as referenced in the statute, requires the various colleges and universities offering athletics programs to report certain data. *Id*. § 1092(e)(1) ("Each institution of higher education which participates in any program . . . and is attended by students receiving athletically related student aid shall annually submit a report to the Secretary . . . .").

*Higher Educ.*, CIV A. 06-622, 2006 WL 2060576, at *3 (W.D. Pa. July 21, 2006) (admitting summary exhibit of EADA data).

For each of the foregoing reasons, the Court should overrule NCAA's objections to exhibits PX 2537-2543.

Dated: July 2, 2014

Respectfully submitted,

HAUSFELD LLP

By: */s/ Swathi Bojedla*
Michael D. Hausfeld (*pro hac vice*)
Hilary K. Scherrer (Cal. Bar No. 209451)
Sathya S. Gosselin (Cal. Bar. No. 269171)
Swathi Bojedla (*pro hac vice*)
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-mail: mhausfeld@hausfeldllp.com
       hscherrer@hausfeldllp.com
       sgosselin@hausfeldllp.com

Michael P. Lehmann (Cal. Bar No. 77152)
Bruce J. Wecker (Cal. Bar No. 78530)
HAUSFELD LLP
44 Montgomery St., 34th Floor
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
E-mail: mlehmann@hausfeldllp.com
       abailey@hausfeldllp.com

*Plaintiffs' Class Counsel*

-3-

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO THE ADMISSION OF SUMMARY EXHIBITS
4:09-CV 3329 CW

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to the e-mail addresses registered.

                        */s/ Swathi Bojedla*
                        Swathi Bojedla
                        HAUSFELD LLP
                        1700 K Street, NW, Suite 650
                        Washington, DC 20006

-1-

CERTIFICATE OF SERVICE
4:09-CV 3329 CW