IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD O'BANNON, et al.

    Plaintiffs,

  v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,

    Defendants.

No. C 09-3329 CW

ORDER RESOLVING MOTIONS TO ADMIT EXHIBITS (Docket Nos. 255, 256)

On June 27, 2014, Defendant National Collegiate Athletic Association moved to admit ten trial exhibits. Plaintiffs objected to the admission of these exhibits and, on June 29, 2014, moved to admit six of their own trial exhibits. The NCAA objected to the admission of five of Plaintiffs' exhibits. After considering the parties' submissions, the Court resolves the motions to admit the exhibits as set forth below.

I.    NCAA's Exhibits

    A.    TX 3741

GRANTED in part. This exhibit contains excerpts from Plaintiff Oscar Robertson's autobiography. The following pages of this exhibit, which pertain to Robertson's experience as a recruit and student-athlete, may be admitted: 1, 6, 75, 81, 83-84, and 182.

    B.    TX 3742

GRANTED in part. This exhibit contains excerpts from Plaintiff David Lattin's autobiography. The following pages of

this exhibit, which pertain to Lattin's experience as a student-athlete, may be admitted: 1, 4, 73, 76, and 229.

C. TX 2102

GRANTED. This exhibit contains a 1994 broadcasting rights agreement between the Southeastern Conference (SEC) and ESPN. Plaintiffs' primary objection to this exhibit is that the NCAA moved to admit it too late for them to question Greg Sankey, an SEC executive, about its content during trial. Because the agreement is a legal document that speaks for itself, however, it is unlikely that Sankey could have offered any relevant testimony regarding its content. Furthermore, the agreement appears to have been drafted several years before Sankey joined the SEC. For these reasons, Plaintiffs' inability to question Sankey about the agreement does not justify its exclusion.

D. TX 2110

GRANTED. This exhibit contains a 1999 broadcasting rights agreement between the SEC and ESPN, Inc. Plaintiffs object to the admission of the document on the grounds that it does not represent the complete agreement between the SEC and ESPN. The first page of the document, however, expressly states that it is a "legally-binding contract" and that it will "constitute [the parties'] agreement" until they enter into a long-form contract. Plaintiffs' objection to this exhibit is therefore overruled. Plaintiffs may submit evidence, if they have any, to show that the SEC and ESPN subsequently entered into a long-form agreement with materially different terms than the agreement contained in this exhibit.

2

E.   TX 2117

GRANTED.  This exhibit contains a 2000 broadcasting rights agreement between the Big 12 Conference, ABC Sports, Inc., ESPN Regional Sports, Inc. (ERT), and ESPN.  As with Exhibit TX 2110, Plaintiffs object to this agreement on the grounds that it does not represent the complete agreement between the Big 12, ERT, and ESPN.  Once again, however, the terms of the agreement itself make clear that the agreement is a legally binding contract; accordingly, Plaintiffs' objection is overruled.  Plaintiffs may submit evidence, if they have any, to show that the Big 12, ERT, and ESPN subsequently entered into a long-form agreement with materially different terms than the agreement contained in this exhibit.

F.   TX 2119

DENIED.  This exhibit contains a heavily redacted copy of a 2000 broadcasting rights agreement between the Atlantic Coast Conference, Raycom Sports, Inc., and Jefferson-Pilot Sports, Inc. Plaintiffs represent that they have not been given access to the original, unredacted version of this agreement.  Thus, because Plaintiffs have not had an opportunity to view the redacted portions of the agreement, this exhibit may not be admitted to show that this agreement lacks provisions pertaining to the name, image, and likeness rights of student-athletes.

G.   TX 2141

GRANTED.  Plaintiffs have not identified any specific objections to this exhibit.

H.   TX 2147

GRANTED.  Plaintiffs have not identified any specific objections to this exhibit.

I.   TX 2179

GRANTED.  This exhibit contains two broadcasting rights agreements between the University of Notre Dame and NBC Sports, Inc.  As with Exhibits TX 2110 and TX 2117, Plaintiffs object to these agreements on the grounds that they are incomplete.  Because both agreements are legally binding, however, Plaintiffs' objection is overruled.  Plaintiffs may submit evidence, if they have any, to show that Notre Dame and NBC subsequently entered into long-form agreements with materially different terms than the agreements contained in this exhibit.

J.   TX 3086

DENIED.  This exhibit contains a heavily redacted copy of a 2007 broadcasting rights agreement between several conferences, universities, bowl committees, and Fox Sports Productions, Inc. Plaintiffs represent that they lack access to the redacted portions of this exhibit.  Accordingly, as with Exhibit TX 2119, this exhibit may not be admitted to show that this agreement lacks provisions pertaining to the name, image, and likeness rights of student-athletes.

II.  Plaintiffs' Exhibits

A.   PX 2628

GRANTED.  This exhibit contains a University of Illinois student-athlete release form.  Plaintiffs have not presented sufficient evidence to establish a nexus between this document and the NCAA, as required by this Court's May 30, 2014 order on the

4

motions in limine. Nevertheless, the exhibit may be admitted for the limited purpose of rebutting Dr. Stiroh's testimony.

B. PX 2623

GRANTED. This exhibit contains a chart that purports to show the distribution of live and rebroadcasted football and basketball games shown on television between 2005 and 2013. The NCAA objects to the admission of this chart on the grounds that the underlying data on which it is based is inadmissible. This objection is overruled. The NCAA was offered the opportunity to cross-examine Plaintiffs' expert about this exhibit at trial but chose not to do so. Docket No. 272, Trial Tr. 3249:9-3250:20. The NCAA also declined the opportunity to challenge the accuracy of the underlying data by presenting its own contrary evidence after trial. See id. Accordingly, the chart may be admitted as a summary exhibit pursuant to Federal Rule of Evidence 1006.

C. PX 2021

GRANTED in part. This exhibit contains an e-mail exchange between various Electronic Arts Inc. (EA) employees and NCAA representatives. The e-mails sent by EA employees are not admissible as statements of a party opponent because they are being introduced against the NCAA -- not EA -- and Plaintiffs have not shown that they were made in furtherance of the alleged conspiracy between EA and the NCAA. The e-mails sent by NCAA representatives, in contrast, may be admitted as statements of a party opponent. Fed. R. Evid. 801(d)(2).

D. PX 2645

GRANTED. The NCAA does not object to the admission of this exhibit.

5

E.   PX 2661

GRANTED in part.  This exhibit contains an excerpt from Dr. Rubinfeld's September 2013 expert report.  This excerpt of the report is admissible; however, the portions of Dr. Rubinfeld's report that merely quote from the 2001 Knight Commission report constitute hearsay within hearsay and may not be admitted for the truth of the matter asserted therein.  Consistent with the Court's prior orders, statements of third-party groups such as the Knight Commission may be considered to show how the parties' expert witnesses formed their opinions but, barring some other exception to the hearsay rule, may not be admitted for their truth.

F.   PX 2662

DENIED.  This exhibit contains over forty pages of raw data concerning graduation rates at various Conference USA schools.  The introduction of such a large volume of raw data without accompanying witness testimony does not serve a useful purpose.  Accordingly, this exhibit may not be admitted.

## CONCLUSION

Plaintiffs and the NCAA's motions to admit exhibits (Docket Nos. 255, 256) are resolved as set forth above.  Within three days of this order, the parties shall submit a final joint exhibit list.  In addition, the parties shall submit a flash drive containing electronic versions of every exhibit admitted during or after trial, with appropriate redactions.  The parties shall check the contents of this flash drive against the physical exhibits in

//

//

//

6

the custody of the Clerk to ensure that the admitted exhibits -- or portions of exhibits -- are included in both.

IT IS SO ORDERED.

Dated: 7/8/2014

CLAUDIA WILKEN
United States District Judge