MICHAEL D. HAUSFELD (*pro hac vice*)
mhausfeld@hausfeldllp.com
HILARY K. SCHERRER (SBN 209451)
hscherrer@hausfeldllp.com
SATHYA S. GOSSELIN (SBN 269171)
sgosselin@hausfeldllp.com
SWATHI BOJEDLA (*pro hac vice*)
sbojedla@hausfeldllp.com
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone:     (202) 540-7200
Facsimile:     (202) 540-7201

MICHAEL P. LEHMANN (SBN 77152)
mlehmann@hausfeldllp.com
BRUCE J. WECKER (SBN 78530)
bwecker@hausfeldllp.com
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, California  94104
Telephone:     (415) 633-1908
Facsimile:     (415) 358-4980

*Plaintiffs' Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. 4:09-cv-3329 CW<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Judge:     The Honorable Claudia Wilken<br>Courtroom:  2, 4th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on September 18, 2014 at 2:00 pm or as soon thereafter as the matter may be heard by the Honorable Claudia Wilken, Plaintiffs seek an order awarding Plaintiffs their reasonable attorneys' fees and costs under 15 U.S.C. § 26, Fed. R. Civ. P. 54(d), and Civil Local Rules 54-1 and 54-5. To the extent possible given the time limitations, Class Counsel and counsel for the National Collegiate Athletic Association ("NCAA") have met and conferred regarding this motion as required by Civil Local Rules 7-3 and 54-5(b)(1).

Plaintiffs respectfully submit this memorandum in support of their motion for attorneys' fees and costs pursuant to the Clayton Act, 15 U.S.C.§ 26; Fed. R. Civ. P. 54(d); and Civil Local Rules 54-1 and 54-5. Awarding reasonable attorneys' fees and costs is required by statute and rule and should be directed against the NCAA in the following amounts, subject to any amendments that Plaintiffs may deem necessary in light of the short time constraints posed by the Civil Local Rules:

Attorneys' fees: **$46,856,319.46**

Clayton Act recoverable costs: **$5,555,739.07**

Included within the Clayton Act costs are total taxable costs of **$215,709.43**, which have been filed in a separate Bill of Costs, Dkt. No. 304. These amounts are supported by Class Counsel and co-counsel's[1] time records, accounting entries, and third-party invoices as set forth in the accompanying declarations and exhibits. Declarations of Plaintiffs' counsel firms in support of these records are attached hereto. Class Counsel reserves all rights to amend this motion and supporting documentation, including the bill of costs, as it has not yet had sufficient time to audit these submissions thoroughly and segregate certain time that is more appropriately the subject of a motion in conjunction with Plaintiffs' settlement with Electronic Arts, Inc. (EA)

---

[1] For the sake of convenience, Plaintiffs will use the term "Plaintiffs' counsel" broadly here to refer to all of its counsel who contributed to the prosecution of this litigation.

- 1 -

and Collegiate Licensing Company (CLC).  In the absence of guidance from the Court on Plaintiffs' Motion for Extension of Time to File Bill of Costs and Motion for Attorney's Fees (Dkt. 297), Plaintiffs file this motion now in compliance with Civil Local Rules 54-1 and 54-5.

## I.    Introduction

On August 8, 2014, following the conclusion of a three-week bench trial, this Court issued its Findings of Fact and Conclusions of Law, directing the Clerk to enter judgment in favor of the Plaintiff class and noting that "Plaintiffs shall recover their costs from the NCAA."  Dkt. 291 at 99.  That same day, the Court issued its Permanent Injunction (Dkt. 292), and the Clerk entered judgment in favor of the Plaintiffs, specifying that "Plaintiffs recover from Defendant National Collegiate Athletic Association their costs of action" (Dkt. 293).

The judgment is the culmination of five years of active litigation that span, *e.g.*, myriad motions to dismiss; complex discovery that included over 80 depositions and scores of discovery-related motions; an entire year of class-certification briefing and proceedings; massive summary-judgment motions as well as *amici curiae* responses; a slew of unsuccessful interlocutory appeal attempts by the NCAA; numerous pre-trial motions filed by the NCAA to stave off trial; and trial preparation and presentation.  The complexities of, and risks associated with, this litigation cannot be overstated.

Hausfeld LLP supervised and coordinated the work of 43 law firms who contributed resources to this landmark litigation in an effort to match the dozens of attorneys litigating on the NCAA's behalf, including partners and associates from WilmerHale, Munger, Tolles & Olson, and Schiff Hardin, as well as the hundreds of attorneys representing the NCAA's member schools and conferences across the country.  Each plaintiffs' firm shared in the considerable risk of non-payment given the unique aspects of this litigation and the NCAA's past success in attaining dismissal based on *Bd. of Regents v. NCAA*, 468 U.S. 85 (1984).

The Civil Local Rules, the Federal Rules of Civil Procedure, and the Clayton Act provide for an award of attorneys' fees and costs to the Plaintiffs following the entry of a judgment in its favor.  Accordingly, Plaintiffs seek an award of attorneys' fees and costs reasonably incurred as necessary in the successful prosecution of their injunctive claims against the NCAA.[2]

## II.   Argument

15 U.S.C. § 26 provides that "[a]ny person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title . . . .  In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff."  Local Civil Rules 54-1, 54-2, 54-3, 54-4, and 54-5 likewise govern a motion for attorneys' fees and bill of costs from a prevailing party following a judgment.

The Ninth Circuit has explained that reasonable fees and costs span "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest . . . ."  *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291, 1313 (9th Cir. 1982); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*, 731 F. Supp. 2d 937, 941-42 (N.D. Cal. 2010).  Moreover, an award of fees and costs is mandatory under 15 U.S.C. § 26, a feature of the Clayton Act designed to incentivize private enforcement of the antitrust laws and deter anticompetitive behavior.  *See Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1136-37 (9th Cir. 2008); *see generally Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007).

Courts in the Ninth Circuit typically examine the "lodestar" in determining the reasonableness of attorney fees.  *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.

---

[2] This motion includes taxable costs that Plaintiffs seek to recover in their concurrently filled Bill of Costs.

1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996).  And there is a strong presumption that the lodestar figure represents a reasonable fee.  *Jordan,* 815 F.2d at 1262.  A court may, however, adjust the award from the lodestar figure upon consideration of additional factors that bear upon reasonableness.  *Morales*, 96 F.3d at 363.

Attendant to this inquiry is an examination of hourly rates.  *Jordan,* 815 F.2d at 1262 (citing *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).  In performing this task, a Court can consider: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained.  *See Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1464 (9th Cir.1988); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004).

a. **Plaintiffs' counsel's historical hourly rates are reasonable by any measure.**

The hourly rates submitted by Plaintiffs' counsel in this application are consistent with the rates charged by law firms engaged in similar litigation nationwide.  Tables of the attorneys, paralegals, and legal assistants who have worked on this matter, as well as their historical hourly rates are found in the attached declarations.  These hourly rates range from $985 for partners with more than 40 years experience to $250 for the most junior associate.  Paralegal rates are likewise within a reasonable range reflecting seniority and experience.

These historical rates are reasonable first because they are the standard rates charged by Plaintiffs' counsel and comparable to the rates that the NCAA has paid for their own counsel in fiercely defending this litigation.  As reflected in the attached declarations, the historical rates included in this submission reflect the standard hourly rates of each of the co-counsel law firms

involved in the prosecution of the litigation; no special adjustments have been made here. On information and belief, Plaintiffs understand the NCAA's counsel of choice in this litigation—WilmerHale, Munger, Tolles & Olson, and Schiff Hardin—to have comparable historical rates. Additionally, Plaintiffs' choice to seek historical rates as opposed to current rates, which the Court has wide discretion to award, *Gates v. Deukmejian*, 987 F.2d 1392, 1406-08 (9th Cir. 1992); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*, 731 F. Supp. 2d 937, 948-49 (N.D. Cal. 2010), reflects the conservative nature of this fee and costs application.

The reasonableness of Plaintiffs' counsel's hourly rates is likewise demonstrated by decisions from federal courts nationwide considering and approving Plaintiffs' counsel's very same rates in other antitrust matters. For example, Hausfeld LLP was Interim Co-Lead Counsel in *In re Processed Egg Products Antitrust Litig.*, MDL No. 2002, 2012 WL 5467530 (E.D. Pa. Nov. 9, 2012). There, the court granted the direct purchaser plaintiffs' request for attorney fees in its entirety, conducting a "lodestar cross check' to confirm that percentage fee was appropriate. *Id*. at 6. In performing its analysis, the court determined that Hausfeld LLP's hourly rates were reasonable given the efficiency of the litigation; the division of labor among partners, associates, and staff; and "the complexity of this litigation and the corresponding appropriate need for and use of heavy involvement by experienced attorneys." *Id*. Ultimately, the court approved billing rates ranging from $470 to $950 for Hausfeld LLP partners and rates ranging from $200 to $340 for Hausfeld LLP associates. Decl. of Michael D. Hausfeld at ¶23.

Likewise, in *In re Vitamin C Antitrust Litigation* (E.D.N.Y.), in the wake of a successful antitrust price-fixing trial last year, the court approved plaintiffs' fees and costs applications, identifying as reasonable the hourly rates of co-lead counsel Hausfeld LLP and Boies Schiller & Flexner LLP (again, some of the very same hourly rates included here). *In re Vitamin C Antitrust Litig.*, 06-MD-1738 BMC JO, 2013 WL 6858853 (E.D.N.Y. Dec. 30, 2013). Those approved

hourly rates ranged from "a low of $375 per hour for junior associates to $980 per hour for senior partners." *Id*. at *1.  The court noted further that "[t]he rates charged by plaintiffs' counsel are thoroughly reasonable based not only on the market, but on the uniqueness of the case and the high quality of their work.  Significantly lower rates would be unreasonable." *Id*. at *4; Decl. of Michael D. Hausfeld at ¶24.

Other recent cases in which courts have approved fees after determining Hausfeld LLP's hourly rates to be reasonable include *In re Air Cargo Shipping Serv. Antitrust Litig*., No.06-md-1775 (E.D.N.Y.); *In re Municipal Derivatives Antitrust Litig*., No. 08-2516 (S.D.N.Y.); *In re TFT-LCD (Flat Panel) Antitrust Litig*., MDL 1827 (N.D. Cal.); *In re Flat Glass Antitrust Litig. II*, MDL No. 1942 (W.D. Pa.); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, No. 03-md-1542 (D. Conn.); *In re Endosurgical Prods. Direct Purchaser Antitrust Litig*., No. 05-cv-08809 (C.D. Cal.).   Decl. of Michael D. Hausfeld at ¶24.  Similar examples concerning rates from other firms abound in the declarations supporting this motion.

Perhaps the most helpful example, though, is *In re TFT-LCD (Flat Panel) Antitrust Litig*., MDL 1827 (N.D. Cal.), in which Judge Illston evaluated and approved a fee petition from more than 100 law firms, including Hausfeld LLP and numerous other Plaintiffs' counsel here, with hourly attorney rates ranging from $350 to $1000.  *LCD*, Dkt. 6662 (petition), 7688 (order). Plaintiffs' counsel's rates are directly in line with the rates approved in *LCD*, and lower in some instances.   If that were not evidence enough of prevailing rates for contingency antitrust matters in the Northern District of California, a comprehensive inventory of prevailing rates in the district for all types of litigation can be found in the Declarations of Richard M. Pearl (a noted fees expert) at *Russell v. United States*, No. CV 09-03239 (N.D. Cal.), Dkt. 209; *In re TFT-LCD (Flat Panel) Antitrust Litig*., MDL 1827 (N.D. Cal.), Dkt. 6662-6.

**b.    Plaintiffs' counsel's historical hourly rates are all the more reasonable in light of the novelty and complexity of the issues, the results obtained, and the high risk of non-**

1

**recovery.**

2

3      Plaintiffs' counsel obtained a stellar result for the injunctive class in this litigation.  To

4  begin with, Plaintiffs survived seven motions to dismiss; prevailed at class certification

5  (admittedly a partial victory); obtained partial summary judgment; and won a three-week bench

6  trial.  The resulting injunction will have considerable financial benefits for the class, as it may

7  well amount to tens of millions of dollars *each season*, as Class Counsel noted in closing

8  arguments at trial.  Moreover, and of critical importance, this is pioneering litigation—without

9  any precedent and lacking any preceding public enforcement.  Plaintiffs' counsel contributed

10  staggering resources to this litigation despite considerable uncertainty of any recovery.  That

11  uncertainty was underscored at every turn, with the NCAA championing *NCAA v. Board of*

12  *Regents*, 468 U.S. 85 (1984), as somehow dispositive and listing past cases in which it has

13  prevailed on various legal challenges.

14

15  **c.      Plaintiffs' counsel's total hours are reasonable.**

16      The hours expended by counsel in this case are reasonable in light of the work required to

17  prove the claims and defeat the defenses asserted.  Class Counsel directed the litigation and

18  delegated assignments among co-counsel firms.  Among the many significant projects required to

19  prosecute this litigation successfully:

20

21      • Lengthy investigation prior to filing the complaint;

22      • Preparing and filing initial and subsequent pleadings;

23      • Defeating seven motions to dismiss;

24      • Taking and defending over 80 party and non-party depositions across the country;

25      • Reviewing and organizing hundreds of thousands of pages of documents;

26      • Expert class and merits discovery involving over a dozen testifying and non-testifying

27      experts for all parties;

28

- Working with numerous expert witnesses and consulting firms to prepare lengthy reports on liability and class certification;

- Numerous open-records requests to public universities;

- Extensive discovery motion practice;

- Traveling to and making multiple appearances before Judges Wilken and Cousins;

- Briefing, arguing, and obtaining injunctive-class certification, a 15-month process;

- Briefing, arguing, and obtaining partial summary judgment, including responding to commensurate *amici curiae* briefing on First Amendment issues;

- Fending off two attempts at interlocutory appeal to the Ninth Circuit, as well as numerous pre-trial motions;

- Three-week bench trial and related preparation; and

- Briefing post-trial motions, including this motion for fees and costs.

d.   **Plaintiffs' costs are reasonable.**

Plaintiffs' Clayton Act costs are reasonable as well.  As numerous courts have acknowledged, and as the attached declarations attest to, fee-paying clients typically bear the costs of computerized legal research; attorney travel; photocopying; printing; overnight mail and messengers; and document database hosting, among other charges.  *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co*., 460 F.3d 1253, 1259 (9th Cir. 2006); *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1080 (N.D. Cal. 2010).  Accordingly, Class Counsel's motion includes $5,555,739.07 in costs, which are compensable under the Clayton Act because they were vital to the prosecution of this case and are of the type typically billed to clients.

So too are Plaintiffs' taxable costs (subsumed with the larger figure compensable under the Clayton Act) appropriate.  15 U.S.C. § 26 requires the Court to award the cost of suit, including a reasonable attorney's fee, to any plaintiff who "substantially prevails" in an action for

injunctive relief under the Clayton Act.  Civil Local Rule 54-3 details the standards for taxing costs in any litigation, specifying the taxable costs of fees for filing and service of process; reporters' transcripts; depositions; reproduction and exemplification; witness expenses; fees for masters and receivers; costs on appeal; and costs of bonds and security.  Class Counsel has submitted accounting records and invoices attesting to these cost items, joined with Plaintiffs' Bill of Costs.  These taxable costs are included in the costs recoverable under the Clayton Act fee-shifting statute.

**III.     Conclusion**

        For the foregoing reasons, the Court should grant Plaintiffs' motion for attorneys' fees and costs, subject to any amendments Plaintiffs may need to submit in light of the short time window afforded Plaintiffs under the Civil Local Rules.

Dated: August 22, 2014                              Respectfully submitted,


                                                    By:  _/s/ Sathya Gosselin_____
                                                    Michael D. Hausfeld (*pro hac vice*)
                                                    Hilary K. Scherrer (Cal. Bar No. 209451)
                                                    Sathya S. Gosselin (Cal. Bar No. 269171)
                                                    Swathi Bojedla (*pro hac vice*)
                                                    HAUSFELD LLP
                                                    1700 K Street, NW, Suite 650
                                                    Washington, DC 20006
                                                    Telephone:  (202) 540-7200
                                                    Facsimile:  (202) 540-7201
                                                    E-mail: mhausfeld@hausfeldllp.com
                                                         hscherrer@hausfeldllp.com
                                                         sgosselin@hausfeldllp.com
                                                         sbojedla@hausfeldllp.com

1   Michael P. Lehmann (Cal. Bar No. 77152)
    Bruce J. Wecker (Cal. Bar No. 78530)
2   HAUSFELD LLP
    44 Montgomery St., 34th Floor
3   San Francisco, CA 94104
    Telephone:  (415) 633-1908
4   Facsimile:  (415) 358-4980
    E-mail: mlehmann@hausfeldllp.com
5            bwecker@hausfeldllp.com

6   *Plaintiffs' Class Counsel*

7

8            **<u>CERTIFICATE OF SERVICE</u>**

9

10      I, Sathya S. Gosselin, declare that I am over the age of eighteen (18) and not a party to the
    entitled action. I am a partner in the law firm of HAUSFELD LLP, and my office is located at
11  1700 K Street NW, Suite 650, Washington, DC 20006.

12      On August 22, 2014, I caused to be filed the following **PLAINTIFFS' MEMORANDUM
    IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS** and
13  accompanying declarations with the Clerk of Court using the Official Court Electronic
    Document Filing System, which served copies on all interested parties registered for
14  electronic filing.

15

16      I declare under penalty of perjury that the foregoing is true and correct.

17                          */s/ Sathya Gosselin*
                            Sathya S. Gosselin

18

19

20

21

22

23

24

25

26

27

28