1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY, <br><br> Defendants. | Case No. 4:09-cv-3329 CW <br><br> **DECLARATION OF WILLIAM A. ISAACSON** <br><br> Judge:      The Honorable Claudia Wilken <br> Courtroom:  2, 4th Floor |

I, William A. Isaacson, submit this declaration under penalty of perjury in connection with the application for attorneys' fees and expenses on behalf of the plaintiffs in the above-captioned lawsuit.  The facts stated herein are based on my personal knowledge unless otherwise stated.

1.  I am a partner in the law firm Boies, Schiller & Flexner LLP ("BSF").  I am class counsel in this case and shared co-lead trial counsel responsibilities with Michael Hausfeld of Hausfeld LLP during the June 2014 bench trial in this case.

2.  I graduated from the University of Virginia School of Law in 1986.  I joined BSF as a partner upon its founding in 1997.  My practice concentrates on complex civil litigation, including antitrust, competition, and large commercial matters.  Throughout my career, I have represented both plaintiffs and defendants in commercial disputes in courts and arbitrations around the country and internationally.  The majority of my cases have been in U.S. federal courts.

3.  I have served as lead trial counsel in a number of antitrust class action cases.  Most recently, I was lead trial counsel in *In re: Vitamin C Antitrust Litigation*, Case No. 1:06-md-01738 (E.D.N.Y.), where a jury returned a $54.1 million verdict in favor of plaintiffs in March 2013.

4.  I began working on this case at its inception with co-counsel Mr. Hausfeld.  Since its inception, I have helped develop and execute the team's litigation strategy.  However, over 80 percent of the time I have spent on this matter took place since April 2014, in preparation for and in conducting trial.  As trial counsel, I prepared our trial strategy and execution plans, drafted witness examinations, prepared witnesses, conducted examinations and cross-examinations, and drafted pre- and post-trial motions and other filings, among other tasks.  A summary of the time I have spent on this matter and the value of that work is contained in Exhibit 1 attached hereto.

PLAINTIFFS' RESPONSE TO DEFENDANT NCAA'S MOTION FOR CLARIFICATION OF TIMING FOR INJUNCTION

**Trial Team**

5.   At trial, I was joined by three colleagues from BSF: associate Martha L. Goodman and legal assistants Jerren Holdip and Megan Ryan.

6.   Ms. Goodman joined BSF in 2013.  She graduated *magna cum laude* from Georgetown University Law Center in 2011.  From 2011-2012, Ms. Goodman served as a law clerk to Judge Marjorie O. Rendell on the U.S. Court of Appeals for the Third Circuit.  From 2012-2013, Ms. Goodman served as a law clerk to Judge Roslynn R. Mauskopf on the U.S. District Court for the Eastern District of New York.  More details about Ms. Goodman's background and practice can be found at http://www.bsfllp.com/lawyers/data/2078.

7.   Ms. Goodman began working on this case at BSF in April 2014.  Ms. Goodman helped prepare for and conduct trial by, among other things, preparing witness examination and cross-examination outlines, preparing and managing exhibits, preparing witnesses, and drafting motions and various pre- and post-trial filings.  A summary of the time Ms. Goodman spent on this matter and the value of that work is contained in Exhibit 1 hereto.

8.   Jerren Holdip joined BSF in 1998 as a paralegal.  He earned a Bachelor of Arts in Psychology from the Catholic University of America in 1999.  Mr. Holdip has worked with me on a great majority of the cases I have worked on; he has also joined me on at least seven trials and arbitrations in which I have participated as counsel.

9.   Mr. Holdip began working on this case at its inception.  He assisted the attorneys at BSF in pre-trial proceedings and managed and organized matter files, research, filings, and other materials.  As a member of the trial team, Mr. Holdip coordinated all aspects of trial preparation as well as the trial, and provided support to the attorneys on the trial team.  A summary of the time Mr. Holdip spent on this matter and the value of that work is contained in Exhibit 1 hereto.

10. Megan Ryan joined BSF in 2013 as a legal assistant.  Ms. Ryan works as an assistant to

three attorneys at BSF, including me.  Ms. Ryan earned a Bachelor of Science in Biology from the University of Illinois at Urbana-Champaign in 2006, and a Master's in Public Health and a Master of Arts in Southeast Asian Studies, both in 2013 from the University of Michigan-Ann Arbor.

11. Ms. Ryan began working on this case in June 2014 and assisted with pre-trial and trial preparations.  As a member of the trial team, Ms. Ryan coordinated all aspects of trial preparation and the trial and provided support to the attorneys on the trial team.  A summary of the time Ms. Ryan spent on this matter and the value of that work is contained in Exhibit 1 hereto.

12. Together, the time Ms. Goodman, Mr. Holdip, Ms. Ryan and I spent on trial preparation and trial over the three-month period from April 2014 to July 2014 represents nearly 50 percent of the total time and 50 percent of the total value of services rendered on this matter by attorneys and legal support staff at BSF.

### Attorneys' and Legal Assistants' Time and Fees

13. While I have at times called upon other attorneys in the firm for assistance during the long history of this case, the BSF attorney most active on this matter prior to April 2014 was my partner, Tanya Chutkan.  Ms. Chutkan graduated from the University of Pennsylvania Law School in 1987.  Ms. Chutkan joined BSF in 2002; here, she specialized in complex commercial litigation.  Ms. Chutkan was nominated by President Barack Obama to serve as a Judge on the U.S. District Court for the District of Columbia in 2013.  She was confirmed by the Senate on June 4, 2014.  Had she not been confirmed before trial began, she would have joined me on the trial team.  Prior to joining BSF, Ms. Chutkan was a trial attorney and supervisor with the District of Columbia Public Defender Service, where she tried over 30 cases.

14. From the case's inception, Ms. Chutkan helped develop and execute the team's litigation strategy.  Ms. Chutkan also managed many aspects of the case's pre-trial proceedings, including

pre-trial motions and briefing, discovery, and factual and legal research.  Ms. Chutkan also prepared the team for trial by, among other things, preparing witness examination outlines and trial preparation.  A summary of the time Ms. Chutkan spent on this matter and the value of that work is contained in Exhibit 1 hereto.

15. Together, Ms. Chutkan, Ms. Goodman, Mr. Holdip, Ms. Ryan and I billed almost 75 percent of the time my firm spent on this matter, which represents nearly 80 percent of the value of the work performed by my firm.

16. As mentioned above, since this matter's inception in 2009, I have called upon the assistance of other attorneys at BSF.  These attorneys performed a variety of tasks, including legal and factual research, document review and analysis, drafting briefs and motions, deposition preparation, and expert witness work, among others.  A summary of these attorneys' time spent on this matter and the value of that work is contained in Exhibit 1 attached hereto.  While some of these attorneys no longer work at BSF, a number still do.  They are listed below, and a summary of their experience and qualifications may be found at the website listed next to each attorney's name:

     a.  Melissa Felder Zappala: http://www.bsfllp.com/lawyers/data/0732

     b.  George Coe: http://www.bsfllp.com/lawyers/data/0047

     c.  Cynthia M. Christian: http://www.bsfllp.com/lawyers/data/0015

     d.  Melissa Willett: http://www.bsfllp.com/lawyers/data/0100

     e.  Beko Reblitz-Richardson: http://www.bsfllp.com/lawyers/data/1039

     f.  Abby Dennis: http://www.bsfllp.com/lawyers/data/1584

     g.  Rocky Collis:  http://www.bsfllp.com/lawyers/data/1841

     h.  Christopher Renner: http://www.bsfllp.com/lawyers/data/2112

     i.  Ross McSweeney: http://www.bsfllp.com/lawyers/data/2080

17. Similarly, attorneys at BSF have been assisted by a number of legal assistants over the life of this case.  They have assisted attorneys in legal and factual research, case management, discovery, and filings, among other tasks.  A summary of each assistant's time spent on this matter and the value of that work is contained in Exhibit 1, attached hereto.

### Fees and Billing Practices

18. As mentioned above, our firm began working on this case at its inception in 2009.  Since that time, the attorneys and legal assistants at BSF have billed 4051.2 hours on this case.  The historical value of that time, using the average historical rate for each attorney and legal assistant, is $1,890,698.60.  These numbers include time billed from June 2009 to July 17, 2014.

19. BSF is retained by clients using many different payment arrangements, including hourly billing, purely contingent fees, fixed fees, and combinations of these types of arrangements.  Each December the firm establishes a rate schedule listing the hourly billing rate for each attorney and legal assistant that will be used in the following calendar year.  The hourly rate schedule is revised as appropriate each year and remains in effect from January through December of the calendar year.

20. My firm has submitted fee petitions in other cases and courts have found our hourly rates reasonable.  For example, in *In re Scrap Metal Antitrust Litigation*, Case No. 02-MD-0844 (N.D. Ohio), following a trial and jury verdict, the court awarded attorneys' fees pursuant to the Clayton Act at the then-current rates of BSF's legal team.  Similarly, in *In re Vitamin C Antitrust Litigation*, Case No. 06-MD-1738, Dkt. No. 815 (E.D.N.Y. Dec. 30, 2013), the court found our 2013 rates to be reasonable.

21. Clients that wish to retain the firm on an hourly billing basis are provided, and sign, a standard form fee agreement that sets forth both the hourly rates for each attorney in the firm and the type of expenses that will be charged to the client throughout the engagement.  These

categories include travel, computerized legal research, outside photocopying, third-party

document database management, courier and messenger services, court costs, etc.

### Expenses

22. Over the six years it litigated this case, BSF advanced many expenses directly related to

the litigation.  These expenses would typically be paid by a client that had hired the firm by the

hour.  In particular, my firm's hourly clients typically pay for expenses in at least these

categories: computerized legal research, travel, outside document reproduction, deposition

expenses, consultants, overnight mail and messenger charges, filing fees, and court reporter costs.

A chart summarizing these expenses incurred in this matter is attached as Exhibit 3 hereto.  A

chart summarizing the costs which are taxable under Fed. R. Civ. P. 54 is attached as Exhibit 4

hereto.

23. BSF maintains accounting records in the ordinary course of business in which expenses

are logged at the time they are incurred.  The accounting records include a record of every

expense incurred during the course of this matter.  These expenses include, in addition to the

expenses listed in Exhibit 3, contributions to a litigation fund established by lead counsel.  BSF's

contributions to the litigation fund are also summarized in Exhibit 3.

24. BSF also maintains in the ordinary course of business invoices from outside vendors for

case-related expenses.  Copies of invoices, which in many instances would require time-

consuming redactions where charges related to other cases appear on the same pages, as well as

detailed time and expense records, are available at the Court's request.


Dated: August 22, 2014                          */s/ William A. Isaacson*
                                                 William A. Isaacson

# EXHIBIT 1

# Isaacson Declaration

| Timekee-per | Lawyer Name | Position | Hours | Avg Historical Billable Rate (2009-2014) | Work Amount (Avg Historical Rate x Hours) |
|---|---|---|---|---|---|
| 10 | William Isaacson | Partner | 571.3 | $ 938.74 | $ 536,300.00 |
| 15 | Cynthia M. Christian | Partner | 0.5 | $ 690.00 | $ 345.00 |
| 47 | George R. Coe | Partner | 32.8 | $ 550.00 | $ 18,040.00 |
| 257 | John F. Cove | Partner | 3.1 | $ 726.45 | $ 2,252.00 |
| 376 | Adam R. Shaw | Partner | 8.9 | $ 708.94 | $ 6,309.60 |
| 531 | Tanya S. Chutkan | Partner | 667.5 | $ 720.46 | $ 480,908.30 |
| 732 | Melissa Felder Zappala | Partner | 43.3 | $ 720.00 | $ 31,176.00 |
| 1039 | Beko Reblitz-Richardson | Counsel | 8.9 | $ 445.39 | $ 3,964.00 |
| 2112 | Christopher Renner | Counsel | 11.7 | $ 700.00 | $ 8,190.00 |
| 1425 | Evan Parke | Associate | 118.6 | $ 491.34 | $ 58,273.00 |
| 1506 | Craig Austin | Associate | 13.4 | $ 410.00 | $ 5,494.00 |
| 1584 | Abby Dennis | Associate | 49.7 | $ 440.00 | $ 21,868.00 |
| 1841 | Rocky Collis | Associate | 11.4 | $ 410.00 | $ 4,674.00 |
| 2078 | Martha Goodman | Associate | 513.7 | $ 480.00 | $ 246,576.00 |
| 2080 | Ross McSweeney | Associate | 2.6 | $ 410.00 | $ 1,066.00 |
| 1387 | Nimrod Pitsker | Associate | 0.7 | $ 430.00 | $ 301.00 |
| 1829 | Michael Beltran | Associate | 28.2 | $ 440.00 | $ 12,408.00 |
| 100 | Melissa Willett | Senior Attorney | 33.4 | $ 332.87 | $ 11,118.00 |
| 1187 | Jason Austin | Staff Attorney | 54.2 | $ 239.88 | $ 13,001.30 |
| 976 | Randi Enison | Staff Attorney | 0.5 | $ 250.00 | $ 125.00 |
| 978 | Mark Singletary | Staff Attorney | 3.4 | $ 250.00 | $ 850.00 |
| 1069 | Dennis Heller | Staff Attorney | 8.4 | $ 230.00 | $ 1,932.00 |
| 1183 | John Bannister | Staff Attorney | 154 | $ 270.00 | $ 41,580.00 |
| 1189 | Richard Williams | Staff Attorney | 49.1 | $ 290.00 | $ 14,239.00 |
| 1893 | Donald Partyka | Staff Attorney | 262.5 | $ 247.63 | $ 65,002.50 |

**Total Attorney Lodestar**            **2651.8**                    **$ 1,585,992.70**

| 61 | Jerren Holdip | Legal Assistant | 700.1 | $ 248.77 | $ 174,166.50 |
|---|---|---|---|---|---|
| 348 | Roderick Crawford | Legal Assistant | 66.5 | $ 128.27 | $ 8,530.00 |
| 1286 | Mary Young | Legal Assistant | 7 | $ 135.14 | $ 946.00 |
| 1526 | Tiane Chin | Legal Assistant | 0.3 | $ 136.00 | $ 40.80 |
| 1598 | Sharon Zack | Legal Assistant | 277.2 | $ 189.58 | $ 52,552.40 |
| 1847 | Bladen Vickery | Legal Assistant | 10.7 | $ 157.12 | $ 1,681.20 |
| 2083 | Megan Ryan | Legal Assistant | 325.5 | $ 200.00 | $ 65,100.00 |
| 1216 | Rita Vanbeuren | Legal Assistant | 11.6 | $ 140.00 | $ 1,624.00 |
| 1734 | Abigail Leinsdorf | Legal Assistant | 0.5 | $ 130.00 | $ 65.00 |

**Total Legal Assistant Lodestar**         **1399.4**                    **$ 304,705.90**

**TOTAL LODESTAR**                  **4051.2**            **$ 1,890,698.60**

# EXHIBIT 2

# Isaacson Declaration

**Boies, Schiller & Flexner LLP**
**Expenses**

| | | |
|---|---|---|
| Litigation Fund Contributions | $ | 300,000.00 |
| Computer Research | $ | 15,518.21 |
| Document Reproduction and Disposal | $ | 4,913.63 |
| Telephone Charges | $ | 144.59 |
| Messengers and Overnight Couriers | $ | 4964.44 |
| Travel | $ | 57,219.19 |
| Electronic Equipment Rental and Purchases | $ | 2,406.37 |
| Trial and Office Supplies | $ | 2,372.22 |
| Court Costs | $ | 709.00 |
| Local Transportation and Working Meals | $ | 145.80 |
| | | |
| Total | $ | 388,393.45 |

# EXHIBIT 3
# Isaacson Declaration

### Boies, Schiller & Flexner LLP
### Taxable Costs

| | | |
|---|---|---|
| Court Costs - Court Reporter | $ | 20,000.00 |
| Total | $ | 20,000.00 |