**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

> **If You Were Listed on a Roster of an NCAA Division I Men's Football or Basketball Team, and That Team Was Included in One of EA's Videogames Between May 4, 2003 and [preliminary approval date], You Could Be Affected by Two Proposed Class Action Settlements.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are a Class Member, your legal rights are affected whether you act or don't act.**

**Please Read This Notice and the Enclosed Claim Form Carefully**

This Notice provides information about **two** proposed class action settlements concerning the alleged use of National Collegiate Athletic Association ("NCAA") men's football and basketball players' names, images, and likenesses in certain NCAA-Branded Videogames that were manufactured and distributed by Electronic Arts Inc. ("EA").

**The EA Videogame Settlement:**

There are class action lawsuits pending against EA and Collegiate Licensing Company LLC ("CLC"). These lawsuits involve, among other things, claims by student-athletes that EA and CLC (representing various NCAA member schools and sometimes the NCAA) violated their legal rights by allegedly licensing, using, and/or selling athletes' names, images, and likenesses in EA's NCAA-Branded Videogames. EA and CLC deny these allegations and deny any other wrongdoing. The Court has not ruled on the merits of these claims. *See Question 2, below, for more information about these lawsuits.*

A proposed settlement of $40 million has been reached between EA and the student-athletes who brought these cases. If the Court approves it, the EA Videogame Settlement will resolve these cases as to both EA and CLC.

**The NCAA Videogame Settlement:**

There are class action lawsuits pending against the NCAA. These lawsuits involve, among other things, claims by student-athletes that the NCAA violated their legal rights by allegedly participating in the license, use, and/or sale of athletes' names, images, and likenesses in EA's NCAA-Branded Videogames. The NCAA denies these allegations and denies any other wrongdoing. The Court has not yet ruled in favor of either the NCAA or the student-athletes on these claims. *See Question 2, below, for more information on these lawsuits.*

> **Are these settlements related to the trial against the NCAA I've heard about?**
>
> You may have heard recently about a trial in a case by student-athletes (led by Edward O'Bannon) against the NCAA. Although the trial involved claims that the NCAA used student-athlete likenesses without permission, those claims were against the NCAA only for violations of antitrust laws. Also, unlike the claims being resolved by this settlement, the claims in the trial involved a request for injunctive relief (a court order discontinuing certain practices). The claims in the trial did not involve claims for cash payments for past conduct.
>
> [Alt. A:] The trial in that case ended on June 27, 2014, and on August 8, the Court granted in part and denied in part the student-athletes' requested injunction, and the decision is available for review at [Settlement Website]. The NCAA has appealed. [Alt. B:] The trial in that case ended on June 27, 2014, and the Court ruled in favor of the student-athletes. The decision is available for review at [Settlement Website].

A proposed settlement of $20 million has been reached between the NCAA and the student-athletes who brought some of these cases. If the Court approves it, the NCAA Videogame Settlement will resolve these cases as to the NCAA.

**YOU MAY BE A MEMBER OF <u>ONE</u> OR <u>BOTH</u> CLASS ACTION SETTLEMENTS.** Although the two proposed settlements are similar in some respects, they contain different provisions, and it is possible that the

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 1 -

Court could rule differently on each settlement. Please read this entire Notice carefully to make sure that you understand both settlements.

The Court in charge of these cases still has to decide whether to approve these settlements, and payments will only be made if the Court approves the settlements, and after any appeals are resolved. Please be patient, as this process can take a long time.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE TWO SETTLEMENTS ||
|---|---|
| **SUBMIT A CLAIM FORM** | <ul><li>This is the only way to get a payment under the settlements.</li><li>You can submit **one** Claim Form for both settlements.</li><li>*See the enclosed Claim Form for more details.*</li><li>**Requesting or Receiving a Payment Under Either of These Settlements Will NOT Affect Your NCAA Eligibility.**</li></ul> |
| **EXCLUDE YOURSELF FROM ONE OR BOTH SETTLEMENTS** | <ul><li>Excluding yourself means you **get no payment**.</li><li>This is the only way you can ever be a part of any other case against EA, CLC, or the NCAA about the claims being resolved by these settlements.</li><li>You must submit a **separate** request for exclusion for **each** settlement.</li><li>*See Questions 16–18.*</li></ul> |
| **OBJECT TO ONE OR BOTH SETTLEMENTS** | <ul><li>Write to the Court about why you don't like the settlements.</li><li>You must submit a **separate** objection for **each** settlement.</li><li>You cannot object in order to ask the Court for a higher payment for *yourself personally*, although you can object to the payment terms (or any other terms) that apply generally to the Class.</li><li>*See Questions 21–22.*</li></ul> |
| **GO TO A HEARING** | <ul><li>Ask to speak in Court about the fairness of the settlements.</li><li>The Court will hold a hearing for both settlements on the same day to decide whether to approve the settlements.</li><li>*See Question 23.*</li></ul> |
| **DO NOTHING** | <ul><li>Get no payment. Give up rights.</li></ul> |

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 2 -

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** .................................................................................................................... **4**
    1.   Why did I get this Notice? ........................................................................................... 4
    2.   What are these lawsuits about? .................................................................................... 4
    3.   What is a class action and who are the Parties? .......................................................... 4
    4.   Why is there a settlement? ........................................................................................... 5

**WHO IS IN THE TWO SETTLEMENTS** ........................................................................................ **5**
    5.   How do I know if I am part of the settlements? What are the Class definitions? ............................... 5
    6.   What is an "NCAA-Branded Videogame"? ................................................................ 5
    7.   I'm still not sure if I am included. ............................................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ................................. **6**
    8.   What do the proposed settlements provide? ............................................................... 6
    9.   How will claim payments be calculated? .................................................................... 6
    10.  How much will my payment be? .................................................................................. 7

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ........................................... **9**
    11.  How can I get a payment? ............................................................................................ 9
    12.  When will I get my payment? ..................................................................................... 10
    13.  What if I disagree with the amount of my payment? ................................................. 10
    14.  What am I giving up to get a payment or stay in the settlements? ............................ 10
    15.  Will getting a payment in either of the settlements affect my NCAA eligibility? ............................ 10

**EXCLUDING YOURSELF ("OPTING OUT") FROM ONE OR BOTH SETTLEMENTS** ....................... **11**
    16.  How do I get out of one or both settlements? ............................................................ 11
    17.  If I don't exclude myself, can I sue the Defendants for the same thing later? ............................... 11
    18.  If I exclude myself, can I get a payment from the settlements? ................................ 11

**THE LAWYERS REPRESENTING YOU** ...................................................................................... **12**
    19.  Do I have a lawyer in these cases? .............................................................................. 12
    20.  How will the lawyers be paid? Are the Class Representatives being paid? ................ 12

**OBJECTING TO ONE OR BOTH SETTLEMENTS** .................................................................... **13**
    21.  How do I tell the Court that I don't like the settlement(s)? ...................................... 13
    22.  What's the difference between objecting and excluding yourself? .......................... 14

**THE COURT'S FAIRNESS HEARING** ......................................................................................... **14**
    23.  When and where will the Court decide whether to approve the settlements? .................................. 14
    24.  Do I have to come to the Fairness Hearing? .............................................................. 15
    25.  May I speak at the Fairness Hearing? ........................................................................ 15

**IF YOU DO NOTHING** ................................................................................................................... **15**
    26.  What happens if I do nothing at all? ........................................................................... 15

**GETTING MORE INFORMATION** ............................................................................................... **16**
    27.  How do I get more information about the settlements? ............................................ 16

QUESTIONS?  CALL 1-___-___-____  TOLL-FREE, OR VISIT www._____settlement.com.

- 3 -

# BASIC INFORMATION

### 1. Why did I get this Notice?

You may have been on the roster of an NCAA Division I men's basketball or football team that was included in one of EA's NCAA-Branded Videogames from May 4, 2003 through [preliminary approval date], and you therefore may be a Member of one or both settlements. The fact that you have received this Notice does not necessarily mean that you are a Class Member in either settlement. *See Questions 5–7 for more details on how you can determine if you are a Class Member in the settlements.*

You were sent this Notice because, as a possible Class Member, you have a right to know about the two proposed class action settlements, and about all your options, before the Court decides whether to give "final approval" to the settlements. If the Court approves the settlements, payments will be made to those who qualify, but only after any objections and appeals are resolved.

This Notice explains the various lawsuits, the settlements, your legal rights, what benefits are available under the settlements, who is eligible for them, and how to get them. **You must submit a valid Claim Form to receive a payment under these settlements.** *See Questions 11–15 for more details on Claim Forms and the deadline to submit them.*

### 2. What are these lawsuits about?

There are class action cases pending against EA, CLC, and the NCAA. These cases deal with the alleged use of NCAA men's football and basketball players' names, images, and likenesses in EA's NCAA-Branded Videogames. These cases involve different claims and time periods. Generally speaking, though, the cases allege, among other things, that the NCAA, CLC, and EA violated the legal rights of student-athletes by using their names, images, and likenesses in EA's Videogames since May 4, 2003, both during and after the student-athletes' involvement in NCAA athletics.

EA, CLC, and the NCAA have denied the claims and have asserted various defenses to the claims.

### 3. What is a class action and who are the Parties?

In a class action lawsuit, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All these people together are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class (*see Question 16*).

The **Class Representatives** (or "**Plaintiffs**") in the cases involved in these settlements are or were all NCAA student-athletes:

- The Class Representatives in the **EA Videogame Settlement** are Edward C. O'Bannon Jr., Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Tate George, Jake Fischer, Jake Smith, Darius Robinson, Moses Alipate, Chase Garnham, Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, Bryon Bishop, Ryan Hart, and Shawne Alston.
- The Class Representatives in the **NCAA Videogame Settlement** are Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

The **Defendants**, or people being sued, in the cases are EA, CLC, and the NCAA.

Together, the Class Representatives and the Defendants are called the "Parties."

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 4 -

### 4. Why is there a settlement?

EA, CLC, and NCAA have denied all liability in the lawsuits and have asserted various defenses to Plaintiffs' claims. The Court did not decide in favor of any Plaintiff or any Defendant on the legal claims being resolved here. Instead, all sides agreed to a settlement, which avoids the risk and cost of a trial, but still compensates the people affected. The Class Representatives and their attorneys think that both settlements are in the best interests of Class Members and that both settlements are fair, adequate, and reasonable.

## WHO IS IN THE TWO SETTLEMENTS

To see if you are affected by the two proposed settlements, you first have to determine if you are a Class Member in one or both settlements.

### 5. How do I know if I am part of the settlements? What are the Class definitions?

If you fall under the Class definition below for a settlement, you are a Class Member in that settlement and may be eligible for a cash payment. *See Questions 9–15 for more details about how the amount of your payment will be calculated.* **You may be a Class Member in both settlements.**

> **EA Videogame Settlement:** Any NCAA Division I football and men's basketball player who **(1)** was listed on a roster published or issued by a school whose team was included in an NCAA-Branded Videogame originally published or distributed from July 21, 2005 through [preliminary approval date], **or** **(2)** was listed on such a roster from May 4, 2003 and whose jersey number or photograph was used in such a videogame.
>
> **NCAA Videogame Settlement:** All NCAA Division I football and men's basketball players who were **(1)** listed on a roster published or issued by a school whose team was included in an NCAA-Branded Videogame originally published or distributed from May 4, 2003 through [preliminary approval date], **and** **(2)** whose assigned jersey number appears on a virtual player in the software, or whose photograph was otherwise included in the software.

Excluded from the Classes are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, Class Counsel and their employees, and their immediate family members, and the judicial offers, and associated court staff assigned to the cases involved in these settlements and their immediate family members.

The definitions above are summaries, and are not the exact definitions found in the Settlement Agreements. The specific definitions are set out in more detail in the Settlement Agreements, which are posted on www._____settlement.com. (*See* EA Videogame Settlement Agreement ¶¶ _____ and NCAA Videogame Settlement Agreement ¶¶ _____.)

### 6. What is an "NCAA-Branded Videogame"?

"NCAA-Branded Videogame" means every edition of *NCAA Football*, *NCAA Basketball*, and *NCAA March Madness* (on any videogame platform) originally published or distributed by EA between May 4, 2003 and [preliminary approval date].

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by contacting the Settlement Administrator using any of the methods listed in Question 27.

**You are not required to pay anyone to assist you in filing a claim or obtaining information about the settlements**.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What do the proposed settlements provide?

Both proposed settlements provide for cash payments to eligible Class Members.

The EA Videogame Settlement has a total Settlement Fund of $40 million. The NCAA Videogame Settlement has a total Settlement Fund of $20 million.

Each Settlement has a proposed Distribution Plan. Under both Distribution Plans, each Settlement Fund will first be used to pay for (1) the costs of class notice and administration, and (2) the attorneys' fees, expenses, and incentive awards approved by the Court (*see Question 20 for more details on these awards*).

The remainder of the Settlement Fund for each settlement (called the **"Net Settlement Fund"**) will then be distributed to qualifying Class Members, as described in Question 9.

### 9. How will claim payments be calculated?

Payments to qualifying Class Members will be made based on each Class Member's share of that settlement's "Net Settlement Fund." A Class Member's share will be determined by the number of "Points" earned by the Class Member, as explained below. *See Question 11 for details on how to get a payment if you are eligible*.

Unless you exclude yourself (*see Questions 16–18*), or decide to only make a claim in one settlement (see the Claim Form), your claim will be evaluated under *each* settlement's Distribution Plan (below). Thus, **you may be eligible to receive a payment from both settlements for the same edition (year) of a Videogame**.

#### Distribution Plans

The Distribution Plans in both settlements are based on "Points." The value of these Points is not fixed at any particular dollar amount, but will vary depending on how many people submit valid claims in each of the settlements. *See Question 10 for examples of how payments might vary.*

The amount of Points you earn depends on which "Category" you fall into in the Point Tables below, which is in turn based on the years you played, and exactly how your likeness was (or wasn't) used in the Videogames. The Point Tables list how many Points you get under each settlement. To understand the tables, you need to read the definitions below.

  *Definitions:*

  - **Roster Appearance:** You have a "Roster Appearance" if your name was listed on the roster of a team that was included in any NCAA-Branded Videogame published or distributed from July 21, 2005 to [preliminary approval date], and you don't have an Avatar Match or Photograph Use as described below. (This applies to the EA Videogame Settlement Only, and not to the NCAA Videogame Settlement.)

  - **Avatar Match:** To have an Avatar Match, both of the following must be true:

    a. Your name was listed on the roster of a team that was included in any NCAA-Branded Videogame published or distributed from May 4, 2003 to [preliminary approval date]; and

    b. Your assigned jersey number appears on a virtual avatar from that same team in the Videogame.

  - **Photograph Use:** Your photograph was used in an NCAA-Branded Videogame.

  - Class Counsel and the Settlement Administrator will use a database they compiled to determine Avatar Matches as well as Photograph Uses in each Videogame. (More detail on the various ways they will determine a "match" can be found at www._____settlement.com.)

QUESTIONS?  CALL 1-\_\_\_-\_\_\_-\_\_\_\_ TOLL-FREE, OR VISIT www._____settlement.com.

- 6 -

| Point Table | | | | |
|---|---|---|---|---|
| Category | Description | Years | Number of Points | |
| | | | Under EA Settlement | Under NCAA Settlement |
| A | Roster Appearance | 2005–2014 | 1 point | 0 points |
| B | Avatar Match or Photograph Use *(if you have both, only one will count for each edition of the Videogame)* | 2003–2005 | 1.8 points | 1.8 points |
| C | Avatar Match or Photograph Use (if you have both, only one will count for each edition of the Videogame) | 2005–2014 | 6.6 points | 6.6 points |

**Remember, you can get Points from both settlements**. So, for example, if you have an Avatar Match for the 2006 edition of the Videogame, you would get 6.6 Points from **each** settlement.

**Other Potential Payments Under the Settlements**

If you are a Class Member and submit a valid Claim Form but do not qualify for any Points under the above system, then you will receive a flat $100 payment from each settlement in which you are a Class Member.

If the Net Settlement Funds are not completely used up after making payments to all Class Members who submit claims, any remaining funds will be used to make additional payments to qualifying Class Members who did not submit claims. More detail on this can be found in the Settlement Agreements at www._____settlement.com.

| 10. How much will my payment be? |
|---|

The exact amount each qualifying Class Member in each settlement will receive cannot be calculated until (1) the Court approves the settlements; (2) amounts are deducted from the Settlement Fund for notice and administration costs, attorneys' fees and expenses, and any Class Representative Incentive Awards; and (3) the Settlement Administrator determines the number of Class Members who have submitted valid claims and, after checks are issued, who cashed their checks. *See Question 9 for the general method of calculating claims payments*.

**Estimated Payments**

Below are charts prepared by Class Counsel with estimated payment amounts for each Category. The charts are broken down by "**Claims Rate**," which means they provide an estimate of how much each Category gets if a certain percentage of Class Members in that category submit valid claims. So a 50% claims rate means that 50% of the possible claims were submitted in that Category. We do not know what the Claims Rate will be for either settlement. The calculations below are examples only.

Keep in mind that these amounts are how much a Category gets *per Videogame Edition (Year)*, so if you played for multiple years, your total payment will be the payment amount below multiplied by the number of years you fall into that Category. *See the "Examples" below to see how this all might affect an individual claim.*

| Claims Rate | 100% | | | 50% | | | 25% | | | 10% | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Category | A | B | C | A | B | C | A | B | C | A | B | C |
| **Payment per Year** | $26 | $74 | $270 | $52 | $147 | $541 | $104 | $295 | $1,081 | $259 | $737 | $2,703 |

**Examples**

To give you a sense of how the Distribution Plans will work for an individual Class Member, below are some examples, developed by Class Counsel, of potential Class Members and their estimated payments.

| Player 1 |||||
|---|---|---|---|---|
| Player 1 was the starting quarterback listed on the roster at the University of California for four seasons from 2007 through 2011. His jersey number appeared on the UC team in the 2007, 2008, 2009, and 2010 editions of EA's *NCAA Football* Videogame, so he has an Avatar Match for each of those years, and his photograph appeared in the 2011 and 2012 editions of the Videogame. Assuming a 25% Claims Rate, Player's 1 Total Estimated Payment would be **$6,486.** |||||
| **Videogame Edition** | **Category** | **Estimated Payment Per Edition** || **Total Estimated Payment** |
| 2007 | C | $1,081 || |
| 2008 | C | $1,081 || |
| 2009 | C | $1,081 || **$6,486** |
| 2010 | C | $1,081 || |
| 2011 | C | $1,081 || |
| 2012 | C | $1,081 || |

| Player 2 |||||
|---|---|---|---|---|
| Player 2 was on the roster at the University of California and his jersey number appeared on the UC team in the Videogame for four seasons from 2004 through 2007. Assuming a 25% claims rate, Player 2's Total Estimated Payment would be **$2,752**. |||||
| **Videogame Edition** | **Category** | **Estimated Payment Per Edition** || **Total Estimated Payment** |
| 2004 | B | $295 || |
| 2005 | B | $295 || **$2,752** |
| 2006 | C | $1,081 || |
| 2007 | C | $1,081 || |

| Player 3 |||||
|---|---|---|---|---|
| Player 3 was on the roster at the University of California and his jersey number appeared on the UC team in the Videogame for two seasons from 2003 through 2005. Assuming a 25% claims rate, Player 3's Total Estimated Payment would be **$590**. |||||
| **Videogame Edition** | **Category** | **Estimated Payment Per Edition** || **Total Estimated Payment** |
| 2003 | B | $295 || **$590** |
| 2004 | B | $295 || |

| Player 4 |||||
|---|---|---|---|---|
| Player 4 was on the roster at the University of California for four seasons from 2004 through 2008, but neither his jersey number nor his photograph appeared in any EA Videogame. Assuming a 25% claims rate, Player 4's Total Estimated Payment would be **$312.** |||||
| **Videogame Edition** | **Category** | **Estimated Payment Per Edition** | **Total Estimated Payment** ||
| 2004 | NONE | $0 | **$312** ||
| 2005 | A | $104 |||
| 2006 | A | $104 |||
| 2007 | A | $104 |||

For additional calculation examples, please visit www._____settlement.com.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 11. How can I get a payment?

To be eligible to receive a payment under one of the settlements, you must (1) be a Class Member of that settlement; (2) you must not have excluded yourself from that settlement; and (3) you must submit a valid and timely Claim Form, as described below.

You only need to submit one Claim Form; your claim will be automatically be evaluated under both settlements. If you wish to make a claim under only one of the two settlements, you should check the appropriate box on the Claim Form. (See the enclosed Claim Form for more details.)

If you have excluded yourself from both settlements, you are not eligible to make a claim under either settlement. If you have excluded yourself from one settlement, you are not eligible to make a claim under *that* settlement, but you are still eligible to make a claim under the other settlement (the one from which you did not exclude yourself).

You should read the instructions on the Claim Form carefully, fill it out to the best of your ability, and then sign it as indicated on the Claim Form (online claim forms will require your electronic signature). You do not need to have your signature notarized by a Notary Public, but you will be affirming to the best of your knowledge, information, and belief that the information you provided on the Claim Form is true. If you need help filling out the Claim Form, you should call the Settlement Administrator.

**Filing a Claim Online**

You may fill out a Claim Form online at www._____settlement.com.

**Filing a Claim by Mail**

You may also submit your Claim Form by mail. A Claim Form is included in this mailing. You may also get a copy of the Claim Form online at www._____settlement.com, or by calling 1-___-___-____, or by sending an e-mail to _____ and asking for one. If you choose to mail your Claim Form, you must mail the Claim Form to the Settlement Administrator at the address indicated on the Claim Form. It must be **postmarked no later than _____.**

Do not send a copy of the Claim Form to the Court, the Judge, or the Defendants.

Please note that, with a few exceptions, only a Class Member can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by his **"Legally Authorized**

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 9 -

**Representative."** A Legally Authorized Representative means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, or next friend of an incapacitated Class Member; or any other legally appointed person or entity responsible for handling the business affairs of a Class Member. If you have a personal lawyer, your lawyer may assist you with your Claim Form, but you must personally sign the Claim Form, unless the lawyer is your Legally Authorized Representative.

You also cannot submit a Claim Form as part of a group effort, or on behalf of a class of persons.

| 12. When will I get my payment? |
|---|

The payments will be mailed to eligible Class Members who send in valid Claim Forms on time, after the Court grants "final approval" of the settlement, after any appeals are resolved, and after the Claim Forms are processed.

The Court will hold a Fairness Hearing on _____, at _____ _.m. (Pacific time) to decide whether to approve the settlements. **If you want to attend the hearing, keep in mind that the date and/or time may be changed after the time of this Notice, so you should check the settlement website (www._____settlement.com) before making travel plans.**

If the Court approves the settlements (*see Questions 23–25*), there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. You can check for updates and other important information by using any of the methods listed in Question 27.

| 13. What if I disagree with the amount of my payment? |
|---|

There is a process in the settlements for you to object to the determination of the amount of your claim payment, or to object if the Settlement Administrator determines that you don't qualify for a payment at all. You will get further details in the letter you receive about your settlement claim. Essentially, if you, the Settlement Administrator, and Class Counsel cannot agree on how much you should receive under the settlement, you may appeal as described in the Settlement Agreements. (*See* EA Videogame Settlement Agreement ¶ _____ and NCAA Videogame Settlement Agreement ¶ _____.)

| 14. What am I giving up to get a payment or stay in the settlements? |
|---|

Remember that the two settlements are separate. Unless you exclude yourself from a particular settlement, you are staying in the Class or Classes described *in that settlement*, and that means that you can't sue or be part of any other lawsuit against the Defendants *in that settlement* about the legal claims being settled *in that settlement*. It also means that all of the Court's orders will apply to you and legally bind you.

Because the two settlements are separate, the "releases of liability" in the two settlements are also separate, and apply to different Defendants and to different claims. So, under the EA Videogame Settlement you will not "release" the NCAA from any liability, and under the NCAA Videogame Settlement you will not "release" EA or CLC from any liability.

The details of the two releases are set out in more detail in the Settlement Agreements, which are posted on www._____settlement.com. *(See* EA Videogame Settlement Agreement ¶¶ _____ and NCAA Videogame Settlement Agreement ¶¶ _____.*)* The Settlement Agreements describe the releases in specific legal terminology. Talk to Class Counsel (see the section on "The Lawyers Representing You," Questions 19– 20 below) or your own lawyer if you have questions about the releases or what they mean.

| 15. Will getting a payment in either of the settlements affect my NCAA eligibility? |
|---|

**No. Your request for or receipt of any payment under this settlement will NOT affect your eligibility to compete in NCAA athletics.**

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 10 -

**EXCLUDING YOURSELF ("OPTING OUT") FROM ONE OR BOTH SETTLEMENTS**

If you don't want a payment from one or both settlements, and instead you want to keep the right to sue the Defendants in those settlements on your own about the legal issues in those cases, then you must take steps to get out of the settlement. This is called excluding yourself—or "opting out"—of the Class.

**16. How do I get out of one or both settlements?**

The two settlements are separate, so **you must opt out of each settlement separately**. To exclude yourself from a settlement, you must send a letter to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded, and from which settlement(s) you wish to be excluded:

- If you want to exclude yourself **from the EA Videogame Settlement**, say:
  - "I want to be excluded from the EA Videogame Settlement."
- If you want to exclude yourself **from the NCAA Videogame Settlement**, say:
  - "I want to be excluded from the NCAA Videogame Settlement."
- If you want to exclude yourself **from both settlements**, say:
  - "I want to be excluded from the EA Videogame Settlement and the NCAA Videogame Settlement."

Be sure to include your **name**, **address**, **telephone number**, and your **signature**. If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (*see Question 11 above for the definition of "Legally Authorized Representative"*), you must include any information or documents that confirm your appointment or status as a Legally Authorized Representative. Requests for exclusion must be submitted individually by a Class Member or his Legally Authorized Representative, and not on behalf of a group or class of persons. If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you must personally sign it unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request, **postmarked no later than _____,** to the following:

> Gilardi & Co. LLC
> Exclusion Request
> [Address]

You can't exclude yourself by phone, by e-mail, or on the website. If you ask to be excluded from a settlement, you will not get any money from that settlement, and you cannot object to that settlement. You will not be legally bound by anything that happens in that lawsuit. You may be able to sue (or continue to sue) the Defendants in that lawsuit.

If you have a pending lawsuit against EA, CLC, or the NCAA involving the same legal issues in these settlements, speak to your lawyer in that case immediately. If you wish to continue your individual lawsuit(s), you must exclude yourself from the relevant settlement(s).

**17. If I don't exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself from a settlement, you give up any right to sue the Defendants for the claims that are resolved by that settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. **Remember, the exclusion deadline is _____.**

**18. If I exclude myself, can I get a payment from the settlements?**

No. If you exclude yourself from a settlement, you will not be able to get any money from *that settlement*, and you cannot object to *that settlement*. You will not be legally bound by anything that happens in that settlement.

QUESTIONS?  CALL 1-\_\_\_-\_\_\_-\_\_\_\_ TOLL-FREE, OR VISIT www._____settlement.com.

But remember that if you exclude yourself from only one of the settlements, you are still eligible to get money from, or object to, *the other* settlement, and you will still be legally bound by that other settlement.

## THE LAWYERS REPRESENTING YOU

### 19. Do I have a lawyer in these cases?

Yes. The Court has appointed the law firms listed below to represent you and other Class Members in each of the two settlements. These lawyers are called Class Counsel. **You will not be charged for services performed by Class Counsel.** If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact Class Counsel about these settlements, they can be reached through the Settlement Administrator by calling [_____] or sending an email to [_____].

**EA Videogame Settlement**

- Class Counsel for the EA Videogame Settlement are:

| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman (Seattle, WA)<br>Rob Carey (Phoenix, AZ)<br>Leonard Aragon (Phoenix, AZ) | **HAUSFELD LLP**<br>Michael D. Hausfeld (Washington, DC)<br>Michael P. Lehmann (San Francisco, CA)<br>Sathya S. Gosselin (Washington, DC) |
|---|---|
| **LUM, DRASCO & POSITAN LLC**<br>Dennis J. Drasco (Roseland, NJ) | |

**NCAA Videogame Settlement**

- Class Counsel for the NCAA Videogame Settlement are:

| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman (Seattle, WA)<br>Rob Carey (Phoenix, AZ)<br>Leonard Aragon (Phoenix, AZ) | **THE PAYNTER LAW FIRM PLLC**<br>Stuart Paynter (Washington, DC)<br>Celeste H.G. Boyd (Chapel Hill, NC) |
|---|---|

### 20. How will the lawyers be paid? Are the Class Representatives being paid?

Class Counsel will ask the Court for an award of attorneys' fees and expenses in each settlement (the "Fee and Expense Award"), which will be paid from the Settlement Fund in each settlement:

**Attorneys' Fees**

*EA Videogame Settlement Requested Fee and Expense Award*

- Class Counsel will ask the Court to approve payment from the EA Videogame Settlement Fund of attorneys' fees of up to 33% of the $40 million Settlement Fund (*i.e.*, up to $13,200,000), as well as for reimbursement for costs and expenses incurred in the prosecution of the lawsuits not to exceed $2,500,000.

*NCAA Videogame Settlement Requested Fee and Expense Award*

- Class Counsel will ask the Court to approve payment from NCAA Videogame Settlement Fund of attorneys' fees of up to 29% of the $20 million Settlement Fund (*i.e.*, up to $5,800,000), as well as for

QUESTIONS?  CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 12 -

reimbursement for costs and expenses incurred in the prosecution of the lawsuits not to exceed $500,000.

**Incentive Awards to Class Representatives**

- Class Counsel will ask the Court to approve the following payments (called "Incentive Awards") to the Plaintiffs below for their services as Class Representatives in each of the settlements. Any Incentive Award ordered by the Court will be in addition to what that Class Representative is eligible to receive from his claim.

*EA Videogame Settlement*

- $15,000 each for Samuel Michael Keller, Edward C. O'Bannon, and Ryan Hart.
- $5,000 each for Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Tate George, Jake Fischer, Jake Smith, Darius Robinson, Moses Alipate, Chase Garnham, and Shawne Alston.
- $2,500 each for Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

*NCAA Videogame Settlement*

- $5,000 each to Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

The Court may award less than the amounts requested for attorneys' fees and Incentive Awards, and has the discretion to determine how much to award. The two settlements do not depend on the amounts awarded for attorneys' fees or Incentive Awards, which means that the settlements can still be approved and result in payments to Class Members even if the petitions for attorneys' fees and Incentive Awards are rejected.

Class Counsel is currently scheduled to file with the Court their request for attorneys' fees and for the Incentive Awards on _____. Settlement deadlines can change, though, so please monitor the settlement website, or call the Settlement Administrator, to see if any deadlines have changed.

## OBJECTING TO ONE OR BOTH SETTLEMENTS

### 21. How do I tell the Court that I don't like the settlement(s)?

The two settlements are separate, so you must submit objections to *each settlement* that you wish to object to.

If you're a Class Member (or a Class Member's Legally Authorized Representative, *see Question 11*), and you **haven't** excluded yourself from a settlement, you can object to *that* proposed settlement if you don't like it. However, **you cannot object if you have excluded yourself from that particular settlement**. In other words, you must stay in the case as a Class Member for that settlement in order to object in that settlement.

You can object if you don't like any part of either proposed settlement, including the settlement's Distribution Plan, or the request for the attorneys' Fee and Expense Award, or the request for Incentive Awards to the Class Representatives. You can give reasons why you think the Court should not approve any or all of these items, and the Court will consider your views.

**You cannot object in order to ask the Court for a higher payment for** *yourself personally*, **although you can object to the payment terms that apply generally to the Class.** The Court can only approve or disapprove the settlements, but cannot change how much money you are personally eligible to receive from the settlement. This means that if the Court agrees with your objection, the case won't be settled unless the parties agree to change the terms and the Court approves those changes.

To object, you must (a) **mail** your objection to the Settlement Administrator **and** (b) **file** it with the Court. To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 13 -

_____, **and** must be **filed** with the Court by no later than _____, at the following addresses:

| SETTLEMENT ADMINISTRATOR | <ul><li>Gilardi & Co. LLC<br>[ADDRESS]</li></ul> |
|---|---|
| THE COURT | <ul><li>**For objections to the EA Videogame Settlement:** [TBD]</li><li>**For objections to the NCAA Videogame Settlement:** [TBD]</li></ul> |

Note: You may mail your objection to the Court, but it must be **received** by the Court **and filed** by _____. See www._____settlement.com for more information on how to object to the settlement.

**For *each* settlement to which you wish to object, you must include the following information:**

- Your full name, address, telephone number, and signature.
- The settlement to which you are objecting:
  - "EA Videogame Settlement," **or**
  - "NCAA Videogame Settlement"
- The specific reasons why you object to that settlement.
- The name, address, bar number, and telephone number of your counsel, if you're represented by an attorney. If you are represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the Northern District of California.
- State whether you intend to appear at the Fairness Hearing, either in person or through counsel.

Unless you submit a proper and timely written objection, according to the above requirements, you will not be allowed to object to or appear at the Fairness Hearing. You or your lawyer **may** appear at the Fairness Hearing if you have filed a written objection as provided above. (*See Questions 23–25*). If you have a lawyer file an objection for you, he or she must follow all Court rules and you must list the attorney's name, address, bar number, and telephone number in the written objection filed with the Court.

Please note that any objections must be submitted by an individual Class Member, his Legally Authorized Representative, or his attorney—not as a member of a group, class, or subclass.

| **22. What's the difference between objecting and excluding yourself?** |
|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object to a settlement only if you stay in that settlement. Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FAIRNESS HEARING

| **23. When and where will the Court decide whether to approve the settlements?** |
|---|

The Court will hold a "Fairness Hearing" (also known as a "Final Approval Hearing") to decide whether to finally approve the proposed settlements. The Fairness Hearing will be on **May 14, 2015 at 2:00 p.m.** before Judge Claudia Wilken, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. If you want to attend the Fairness Hearing, keep in mind that the date and/or time may be

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 14 -

changed after the time of this Notice, so you should check the settlement website (www._____settlement.com) before making travel plans.

At the Fairness Hearing, the Court will consider whether the proposed settlements and all of their terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the Hearing and have complied with the other requirements for objections explained in Question 21. The Court may also decide how much to award Class Counsel for fees and expenses, and whether and how much to award the Class Representatives for representing the Class (the Incentive Awards).

At or after the Fairness Hearing, the Court will decide whether to finally approve the proposed settlements. Because the two settlements are separate, it is possible that the Court will rule differently in each settlement, or rule at different times. There may be appeals after that. **There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when the settlement(s) will become final**.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

### 24. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions asked by the Court.

If you send an objection, you don't have to come to Court to talk about it. So long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 25. May I speak at the Fairness Hearing?

Yes. If you submitted a proper written objection to the settlement, you or your lawyer may, at your own expense, come to the Fairness Hearing and speak. To do so, you must follow the procedures set out in Question 21. You must also file a Notice of Intention to Appear, which must be mailed to the Settlement Administrator so that it is **postmarked no later than _____,** and it must be **filed** with the Clerk of the Court by that same date. If you intend to have a lawyer appear on your behalf, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than _____. See Question 21 for the addresses of the Settlement Administrator and the Court. You cannot speak at the Fairness Hearing if you excluded yourself.

## IF YOU DO NOTHING

### 26. What happens if I do nothing at all?

If you do nothing, you will get no money from either of the two settlements, but you will never again be able to sue or be part of any other lawsuit against the Defendants about the legal claims involved in the settlements. To submit a Claim Form, follow the instructions described in Question 11.

QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 15 -

| | **GETTING MORE INFORMATION** |
|---|---|

**27. How do I get more information about the settlements?**

This Notice summarizes the proposed settlements. For the precise terms and conditions of the settlements, please see both Settlement Agreements, available at www._____settlement.com.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| CALLING | • Call the Settlement Administrator toll-free at 1-___-___-____ to ask questions and receive copies of documents. |
| E-MAILING | • Email the Settlement Administrator at _____ |
| WRITING | • Send your questions by mail to<br>**Gilardi & Co. LLC**<br>**[ADDRESS]** |
| VISITING THE SETTLEMENT WEBSITE | • www._____settlement.com, where you will find answers to common questions about both settlements, a Claim Form, plus other information to help you. |
| REVIEWING LEGAL DOCUMENTS | • You can review the legal documents that have been filed with the Clerk of Court in these cases at:<br>**[COURT ADDRESS]** |
| ACCESSING PACER | • You can access the Court dockets in these cases through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUITS, THE SETTLEMENTS, OR THIS NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

DATED: _____, 2014                                                              BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUESTIONS?  CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 16 -