1  Gregory L. Curtner (*pro hac vice*)
   gcurtner@schiffhardin.com
2  Robert J. Wierenga (SBN 183687)
   rwierenga@schiffhardin.com
3  Kimberly K. Kefalas (*pro hac vice*)
   kkefalas@schiffhardin.com
4  SCHIFF HARDIN LLP.
   350 S. Main St., Suite 210
5  Ann Arbor, MI  48104
   Telephone:  (734) 222-1500
6  Facsimile:  (734) 222-1501

7  Attorneys for Defendant
   National Collegiate Athletic Association

8

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| 11  EDWARD C. O'BANNON, JR. et. al., on behalf of themselves and all others similarly situated , | Case No. 09-cv-3329-CW |
| 12                    Plaintiff, | **DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY ON PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES & COSTS** |
| 13  v | |
| 14  NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ELETRONIC ARTS INC., and COLLEGIATE LICENSING COMPANY, | |
| 15 | Dept:              Courtroom 2, 4th Floor |
| 16                    Defendants. | Judge:             Hon. Claudia Wilken |
| | Hearing:           December 8, 2014 at 2:00 PM |

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE THAT on December 8, 2014, at 2:00 p.m., or as soon the motion shall

3    be heard, in Courtroom 2 of the above-captioned Court, located at 1301 Clay Street, Oakland,

4    California, Defendant National Collegiate Athletic Association ("NCAA") will, and hereby does,

5    move the Court for permission to take necessary discovery on two important matters that directly

6    impact the reasonableness of the lodestar requested by the Plaintiffs:  (1) the deposition of Jon

7    King, a former attorney of Plaintiffs', regarding his allegations of billing improprieties during the

8    litigation of this case by class counsel, Hausfeld LLP, and (2) limited discovery into the relevant

9    billing entries that the Plaintiffs removed before they resubmitted their motion for fees on

10   October 21, 2014.  In support of this motion, the NCAA relies on the points and authorities

11   below.

12                                        **LEGAL STANDARD**

13       A motion seeking additional discovery is warranted where the moving party (a)

14   sufficiently describes how the requested discovery will reveal the evidence sought and (b)

15   explains how it will be substantially prejudiced by the denial of its request for additional

16   discovery.  *See Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir.)

17   (2013) (concluding that request for additional discovery should set forth sufficient factual detail

18   "'to raise a reasonable expectation that discovery will reveal' the evidence he seeks") (quoting

19   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). The Advisory Committee's note to

20   Rule 23(h)(2) specifically contemplate the Court permitting discovery relevant to objections to

21   motions for attorneys' fees and costs. Fed. R. Civ. P. 23(h)(2) advisory committee's note; *see*

22   *also*, *Alvarado v. FedEx Corp.*, 2009 WL 2969474, at *2 (N.D. Cal. Sept. 11, 2009).

23   **I.    Jon King's Deposition Will Produce Information Directly Relevant to the Court's**
     **Inquiry into the Reasonableness of Plaintiffs' Lodestar.**
24

25       Jon King, formerly a partner at Hausfeld LLP, alleged in a complaint filed in this Court

26   that class counsel, Hausfeld LLP, has conducted a "scheme" of "overstaffing resulting in massive

27   inefficiency and a stunning amount of attorney time being spent" on the litigation of *O'Bannon*.

28   *See King v. Hausfeld*, Case No. 13-0237 (N.D. Cal.), Dkt. 1, ¶ 55 (attached as Ex. A). King's

allegations about Hausfeld LLP's billing practices in litigation, including "a constant obsession and discussion of how to generate 'more lodestar'" and an instruction from Michael Hausfeld "to create false billing records for two attorneys" in another class action lawsuit handled by Hausfeld LLP, are deeply troubling. *See id.* at ¶¶ 124-25. King predicted that on January 17, 2013, Plaintiffs' attorneys' lodestar totaled more than $20 million, which would mean that Plaintiffs' attorneys claim to have spent another $20 million or more in attorney time in less than two years between January 17, 2013 and the last day of the *O'Bannon* trial. *See id.* at ¶ 56. King's allegations cast serious doubt on the reasonableness of fees and expenses sought by the Plaintiffs, yet Plaintiffs currently deny that "the number of hours expended [on *O'Bannon*] suggest inefficiency." *See* Dkt. 319 at p. 19.

The inconsistencies between, on one hand, Hausfeld LLP's representations to this Court in its fee petitions about Plaintiffs' billing practices and the reasonableness of the requested fees and, on the other hand, King's allegations in his complaint about Hausfeld's billing practices in this case, are stark. These conflicting claims raise significant concerns necessitating limited discovery. The NCAA should be allowed to depose King to inquire into his knowledge of the billing practices of class counsel as they relate to this litigation so that the NCAA can fairly determine the reasonableness of the Plaintiffs' requested fees. This limited discovery is appropriately tailored and warranted in light of the gravity of King's statements and the tens of millions dollar attorneys' fee award at issue.

## II. There Is a Reasonable Expectation that Limited Discovery on the Removed Billing Entries Would Reveal Information Impacting the Reasonableness of Plaintiffs' Lodestar.

Plaintiffs have represented to the Court that they have removed time concerning individual damages claims, class damages, and the jury trial cancelled at the last minute by Plaintiffs, from the lodestar in their resubmitted motion for fees and costs, as ordered by the Court. *See* Dkt. 319 at 18 of 23. Plaintiffs acknowledge that the Plaintiffs' attorney time working on these subjects is not properly recoverable. Plaintiffs have refused, however to provide the NCAA with the billing descriptions to identify the billing entries, work descriptions ,total time, or

1  value of time that Plaintiffs have removed from their time records  In their first motion for

2  attorney's fees, the Plaintiffs sought approximately $46.9 million in attorney's fees.  As of

3  October 29, they now seek approximately $45.5 million in attorney's fees.  *See* Dkt. 324-3.  The

4  NCAA's review of Plaintiffs' voluminous billing records will be hampered if it does not obtain

5  attorney's fees billing entries that resulted in a $1.3 million decrease in the lodestar. The missing

6  billing entries (removal of which resulted in at least a $1.3 million decrease in the lodestar) are

7  necessary to allow the NCAA to appropriately test for duplication, redundancy, and the continued

8  presence of similar entries and time.  The NCAA needs to review the omitted time entries, which

9  record time the plaintiffs admit was not related to the Plaintiffs' success at trial.

10  Comparison of the omitted entries by date, time and subject matter to the entries that were

11  not omitted will allow the NCAA to more efficiently determine if there are other similar billing

12  records or attorney time entries that should not be used to calculate the lodestar.  The NCAA

13  should be allowed to independently verify that Plaintiffs removed all of the time and costs that

14  Plaintiffs agree they are not allowed to recover. Further, the Advisory Committee's note to Rule

15  23(h)(2) states that "One factor in determining whether to authorize discovery is the completeness

16  of the material submitted in support of the fee motion[.]"  Fed. R. Civ. P. 23(h)(2) advisory

17  committee's note.  Here, Plaintiffs state that they removed entries for which they are not entitled

18  to fees, yet their supporting materials did not show which materials they removed, and thus those

19  materials are not "complete[.]" The NCAA is entitled to complete billing records and Plaintiff

20  should be ordered to produce the excised materials.

21

22  **III.    The NCAA would be Prejudiced it is not Allowed to Conduct the Limited Discovery it has Requested.**

23  Denial of the very limited discovery the NCAA seeks would result in actual and

24  substantial prejudice to the NCAA, which could be ordered to pay a unreasonable amount of

25  Plaintiffs' attorneys' fees and costs if it is not allowed to fully investigate class counsel's billing

26  practices and records.  The NCAA needs to inquire into the requested matters so that it may fully

27  and adequately respond to the Plaintiffs' motion for fees and costs.  Furthermore, the NCAA has

28

1  a right to know what Plaintiffs' fees and costs it is being asked to pay and why.  An opponent to

2  whom fees are shifted becomes not unlike an invoiced client, and no such invoiced client would

3  be expected to pay a bill when there is the mere suggestion the billing attorneys are engaging in

4  improper billing practices.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.

5  2008) ("The number of hours to be compensated is calculated by considering whether, in light of

6  the circumstances, the time could reasonably have been billed to a private client.").

7                                    **CONCLUSION**

8         For these reasons, the NCAA respectfully requests that the Court grant the NCAA's

9  motion and allow it take Jon King's deposition about class counsel's billing practices in this case

10 and obtain the time entries and costs that Plaintiffs have removed from the bills provided to the

11 NCAA.

12                        Respectfully submitted,

13                        SCHIFF HARDIN LLP

14             By:    */s/ Robert J. Wierenga*_____
                             Robert J. Wierenga (SBN183687)
15                           Attorneys for Defendant NCAA
                             350 S. Main St., Suite 210
16                           Ann Arbor, MI 48104

17 Dated:  November 3, 2014

18

19

20

21

22

23

24

25

26

27

28

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on November 3, 2014 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered.

4

5

6                                    By:    */s/ Robert J. Wierenga*
                                     Robert J. Wierenga (SBN183687)
7                                    SCHIFF HARDIN LLP
                                     Attorneys for Defendant NCAA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -