1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5 OAKLAND DIVISION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| SAMUEL KELLER et al., | Case Nos. 4:09-cv-1967 CW, 4:09-cv-3329 CW |
| Plaintiffs, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY, | |
| Defendants. | Judge:      Hon. Claudia Wilken<br>Date:       July 16, 2015<br>Time:       2:00 p.m.<br>Courtroom: Courtroom 4, 2nd Floor |

| |
|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated, |
| Plaintiffs, |
| v. |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY, |
| Defendants. |

1   This matter (referred to herein as the "Lawsuits") came before the Court for hearing on

2   July 16, 2015, pursuant to Plaintiffs' Notice of Motion and Motion for Final Approval of Class

3   Action Settlement, Dkt. No. 1222, filed on July 2, 2015 by plaintiffs in the actions captioned

4   *O'Bannon, Jr. v. National Collegiate Athletic Association et al.*, 4:09-cv-03329-CW (N.D. Cal.)

5   ("*O'Bannon*"); *Keller v. Electronic Arts, Inc. et al.*, Case No. 4:09-cv-01967-CW (N.D. Cal.)

6   ("*Keller*"); *Hart v. Electronic Arts, Inc.*, Case No. 09-CV-05990-FLW-LHG (D.N.J.) ("*Hart*");

7   and *Alston v. Electronic Arts, Inc.*, 3:13-cv-05157-FLW-LHG (D. N.J.) ("*Alston*") (collectively,

8   "Class Plaintiffs"), individually and as representatives of the Settlement Class defined in

9   Paragraph 3 below, on the application of the settling parties for approval of the Settlement set

10   forth in the Amended Class Action Settlement Agreement and Release (including Exhibits)

11   ("Settlement Agreement" or "Settlement").[1]

12   Due and adequate notice of the Settlement having been given to the Settlement Class; the

13   Court having carefully considered all papers filed and proceedings held herein, including the

14   objections to the proposed Settlement and/or fee petitions, the Memorandum of Points and

15   Authorities in Support of the Motion and the associated Declarations, the Settlement Agreement,

16   the arguments of counsel, and the record in this case; the Court otherwise being fully informed in

17   the premises; and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED,

18   AND DECREED that:

19   1.   The Court grants the Motion for Final Approval of Class Action Settlement with

20   Defendant Electronic Arts, Inc. and grants final approval to the Settlement. The Settlement

21   Agreement is hereby incorporated into this District Court Final Approval Order ("Order and Final

22   Judgment"), and all terms used herein shall have the same meanings set forth in the Settlement

23

---

24   [1] Dkt. No. 1158-1. This Court also has before it a motion for final approval of a proposed class
action settlement in *NCAA Player Likeness Litigation*, No. 4:09-cv-1967-CW (Dkt. No. 1158-2),

25   between the National Collegiate Athletic Association ("NCAA") and the *Keller* Plaintiffs (the
"NCAA Settlement"). The two proposed class action settlements both concern the alleged use of

26   NCAA men's football and basketball players' names, images, and likenesses in certain NCAA-
Branded Videogames manufactured and distributed by Electronic Arts, Inc. The parties

27   coordinated the notice and claims administration of both settlements, as well as the various class
settlement deadlines. Because the two settlements are separate, however, the Court will issue

28   separate orders in each settlement, and has evaluated each proposed settlement on its own terms.

Agreement.

2.      This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

3.      The Court confirms its previous certification of the following Settlement Class consisting of three subclasses, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> a.      Antitrust Class Members: All current and former student-athletes residing in the United States who competed on an NCAA Division I (formerly known as "University Division" before 1973) college or university men's basketball team or on an NCAA Football Bowl Subdivision (formerly known as Division I-A until 2006) men's football team and whose images, likenesses and/or names allegedly have been included or could have been included (by virtue of their appearance in a team roster) in or used in connection with NCAA-Branded Videogames published or distributed from July 21, 2005 until September 3, 2014. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, class counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

> b.      Hart/Alston Right of Publicity Class Members: All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 4, 2003 to May 4, 2007 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

> c.      Keller Right of Publicity Class Members: All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 5, 2007 to September 3, 2014 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated

1
2

companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

3   Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal

4   representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated

5   companies, class counsel and their employees, and the judicial officers, and associated court staff

6   assigned to cases listed in Section I of the Settlement.  EA, CLC, and the Released Parties shall

7   retain all rights to assert that the Lawsuits may not be certified as a class action except for

8   settlement purposes.

9        4.    The Court confirms its previous appointment of the following people as Class

10  Representatives for the Antitrust Class: Edward C. O'Bannon Jr., Oscar Robertson, William

11  Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor,

12  Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Jake

13  Fischer, Jake Smith, Darius Robinson, Moses Alipate, and Chase Garnham. The Court confirms

14  its previous appointment of the following people as Class Representatives for the *Keller* Right of

15  Publicity Class: Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

16  The Court confirms its previous appointment of Ryan Hart and Shawne Alston as Class

17  Representatives for the *Hart/Alston* Right of Publicity Class.  The Court finds that these Class

18  Representatives have adequately represented the Settlement Class for purposes of entering into

19  and implementing the Settlement.

20       5.    In accordance with the Antitrust Plaintiffs' Motion for Attorneys' Fees, Expenses, and

21  Incentive Awards, and the Right of Publicity Plaintiffs' Motion for Attorneys' Fees, Expenses,

22  and Incentive Awards (EA Settlement), the Court finds that the following Incentive Awards are

23  fair and reasonable, and orders said awards to be paid pursuant to the Settlement Agreement:

24       a.   $15,000 each to Edward C. O'Bannon, Jr. and Samuel Michael Keller.

25       b.   $5,000 each to Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert,

26            Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien

27            Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Jake Fischer, Jake

28

1       Smith, Darius Robinson, Moses Alipate, Chase Garnham, and Shawne Alston, as

2       well as former class representative, Tate George.

3           c.   $2,500 each to Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

4           d.   $15,000 to Ryan Hart.

5       6.      The Court confirms its previous appointment of the following law firms as Class

6   Counsel: Hausfeld LLP, Hagens Berman Sobol Shapiro LLP, The McKenna Law Firm LLC, and

7   Lum, Positan & Drasco LLP. The Court finds that Class Counsel have adequately represented the

8   Settlement Class for purposes of entering into and implementing the Settlement.

9       7.      The Court hereby awards to Class Counsel, in the aggregate: attorneys' fees in the

10  amount of thirty percent (30%) of the Settlement Fund, or $12,000,000. The Court finds that the

11  attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method based

12  upon the following factors: (1) the results obtained by counsel in this case, *see Vizcaino v.*

13  *Microsoft Corp.*, 142 F. Supp. 2d 1299, 1303 (W.D. Wash. 2001), *aff'd*, 290 F.3d 1043 (9th Cir.

14  2002); (2) the risks and complex issues involved in this case, which were significant and required

15  a high level of skill and high-quality work to overcome, *see In re Omnivision Tech., Inc.*, 559 F.

16  Supp. 2d 1036, 1046 (N.D. Cal. 2008); (3) the attorneys' fees requested were entirely contingent

17  upon success, and counsel risked time and effort and advanced costs with no guarantee of

18  compensation, *see In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir.

19  1994); (4) the range of awards made in similar cases justifies an award of 30% here, *see In re*

20  *Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989); and (5) the class members have

21  been notified of the requested fees and had an opportunity inform the Court of any concerns they

22  have with the request. These factors justify an upward adjustment of the Ninth Circuit's 25%

23  benchmark. As such, the Court finds that the requested fee award comports with the applicable

24  law and is justified by the circumstances of this case. The Court will issue a separate order further

25  detailing these findings and the allocation of the attorneys' fee award among Plaintiffs' Counsel.

26      8.      The Court also awards reimbursement of reasonable costs and expenses in the

27  following amounts: $1,819,964 for *O'Bannon* Class Counsel; $224,434.20 for *Keller* Class

28  Counsel; $45,810.58 for attorney Timothy J. McIlwain; and $12,367.59 for The McKenna Law

Firm LLC and Lum, Drasco & Positan LLC. The Court finds that these amounts were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and nationwide scope of the case, and that the total costs and expenses granted are allowable under the Settlement. The Court will issue a separate order further detailing these findings.

9.     The Court confirms its previous appointment of Gilardi & Co. LLC as the Notice and Claims Administrator ("Administrator") and finds that the Administrator has so far fulfilled its duties under the Settlement.

10.     The Court orders that, by agreement between Class Counsel and the Administrator, $133,436.27 be paid to the Administrator for past and future unreimbursed expenses relating to notice and administration of the Settlement. This is in addition to the $185,476 already received by the Administrator for the fulfillment of its duties.

11.     The Court confirms its previous findings in the Preliminary Approval Order that, for settlement purposes only, the Lawsuits meet all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

12.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of, the Class Representatives, the Settlement Class, and each of the Settlement Class Members, and is consistent and in compliance with all requirements of due process and federal law. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, the Settlement Class Members, and the Settling Defendant. The Court further finds that the Parties have evidenced full compliance with the Court's Preliminary Approval Order and other Orders relating to this Settlement. The Settlement shall be consummated pursuant to the terms of the Settlement Agreement, which the Parties are hereby directed to perform.

13.     The Court finds that the Class Notice plan as performed by the Parties—including the form, content, and method of dissemination of the Class Notice to Settlement Class Members, as

well as the procedures followed for locating current addresses for potential Settlement Class Members for notice purposes—(i) constituted the best practicable notice; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuits and of their right to object to or exclude themselves from the Settlement; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23 and due process, and any other applicable rules or law.

14.    Fed. R. Civ. P. 23(c)(2)(B) requires that class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

15.    The Court finds that the notice program, previously approved by the Court in its Preliminary Approval Order, has been implemented and complies with Fed. R. Civ. P. 23(c)(2)(B). The Preliminary Approval Order outlined the form and manner by which the Settlement Class Members would be provided with notice of the Settlement, the Fairness Hearing, and related matters.

16.    The nationwide notice program was extensive and robust. Among other things, it included individual mailed notice to members of the Settlement Class who could be identified through reasonable efforts; a dedicated settlement website; publication of a summary notice in leading sports publications; and the extensive use of Internet advertising to inform Settlement Class Members of the proposed Settlement. In order to create a database for mailed notice, the Notice Administrator received 92,732 addresses of potential Settlement Class members via a website set up for NCAA member institutions, as well as via email. Notice and claims forms were mailed to over 90,000 potential Settlement Class members. Summary notice was also published in *Sports Illustrated* and *ESPN the Magazine*. Mail and publication notice was supplemented by Internet advertising and promotion through various sources, including Google, Facebook, and

1  Twitter. Proof that mailing, publication, and advertising complied with the Preliminary Approval

2  Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23

3  and the requirements of due process. It provided due and adequate notice to the Class; in fact, the

4  "reach rate" of the class notice was nearly 95%. Furthermore, the large number of claim requests

5  received as of July 2, 2015—20,241, which is an approximate estimate subject to change and

6  final confirmation—provides further evidence of the sufficiency of notice.

7      17.   The Court has reviewed Exhibit E to the Declaration of Kenneth Jue, Dkt. No. 1223-5,

8  and determines that Dkt. No. 1223-5 contains the complete list of all Persons who have submitted

9  timely and untimely requests for exclusion from the Settlement Class, with the modification listed

10  in the Supplemental Declaration of Kenneth Jue, filed on July 15, 2015. Dkt. No. 1228. The Court

11  rules that all Persons who requested exclusion from the Settlement shall be excluded from the

12  Settlement Class.  Exhibit 1 to this Order and Final Judgment is the complete list of all Persons

13  who are excluded from the Settlement Class, and who therefore shall neither share in nor be

14  bound by this Order and Final Judgment.

15      18.   The Court finds that the Plan of Allocation is fair, reasonable, and adequate. The Plan

16  of Allocation provides monetary recovery in some form, on a pro rata basis based on the number

17  of their Season Roster Appearance Points, to all Settlement Class Members who filed a timely

18  claim. *See In re Oracle Sec. Litig.*, No. 90-0931-VRW, 1994 U.S. Dist. LEXIS 21593, at *3

19  (N.D. Cal. June 18, 1994). The Court hereby adopts Class Counsel's proposal to extend the

20  current Bar Date (July 2, 2015) such that claims will also be considered timely if they were either

21  (1) submitted online through the Settlement website by 11:59 p.m. Pacific time on July 31, 2015,

22  or (2) postmarked by 11:59 p.m. Pacific time on July 31, 2015. The Court also has reviewed the

23  procedures set forth in the Joint Filing of Claim Dispute Resolution Procedure, including Exhibits

24  A and B thereto (Dkt. No. 1241-3). The Court exercises its discretion to approve these

25  procedures, which make non-substantive changes to the Plan of Allocation with respect to the

26  timing of the claim dispute and payment disbursement processes outlined in Subparagraphs 62(e)-

27  (h) of the Settlement Agreement. The Court also notes that there is no reversion of the Settlement

28  Fund, maximizing the amount of payments to Class members. Accordingly, with the changes

1   noted above, the Plan of Allocation is approved.

2       19.   The Court has reviewed the objections of Darrin Duncan and Tate George to this

3   Settlement and overrules them. The Court notes that despite an extensive and robust nationwide

4   class notice program, only two objections have been filed; the response to the proposed

5   Settlement has been overwhelmingly positive. The Court overrules the objections and finds that

6   they are without merit for the reasons set forth in Class Counsel's filings, in open Court, and for

7   the additional reasons set out in this Order and Final Judgment. In brief, the Court rules as

8   follows:

9        a.   First, Mr. Duncan's objection that the claims process was burdensome and that

10          checks should simply have been sent to Settlement Class Members' last-known

11          addresses is without merit. The Court finds that the claims process is reasonable

12          and appropriate given the challenges of locating all Class members.  The claims

13          process utilized by Class Plaintiffs minimizes waste, fraud, and administrative

14          costs and is typical of class action cases like this one.  The claims process, which

15          this Court previously approved, is simple, straightforward, and designed to make

16          submitting a claim as easy as possible—as demonstrated by the high claim rate:

17          approximately 19%.  Moreover, simply sending checks (many quite large) to the

18          last-known addresses of Settlement Class Members, without confirmation from

19          the Settlement Class Member, would have been irresponsible.

20        b.   Second, Mr. Duncan's objection regarding the size and scope of the relief

21          provided by the Settlement is without merit.  The Court finds that the settlement

22          provides adequate relief to the Class.

23        c.   Third, Mr. Duncan's objections regarding the scope of the release are without

24          merit because the objections do not accurately characterize the Released Claims.

25          The Released Claims are appropriately limited to claims based on, arising out of,

26          or related to the subject matter of, or the allegations in the Lawsuits, as set forth

27          in the Agreement.

28        d.   Finally, Mr. George's objections regarding the requested Attorneys' Fees and

1     Expenses Award are without merit. The Court finds that Mr. George's proposed

2     relief as to attorneys' fees would fall far below the 25% benchmark established in

3     this District. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272

4     (9th Cir. 1989). Mr. George also provides no support for the outsized class

5     representative awards he has requested.

6     20.    As of the Effective Date, the Class Plaintiffs and all Settlement Class Members agree

7 to release and by operation of the Order and Final Judgment shall have fully and finally released,

8 relinquished, and discharged all Released Claims against each and all of the Released Parties, and

9 are bound by the provisions of the Settlement.

10     21.    Pursuant to this Order and Final Judgment, with respect to the Released Parties, any

11 and all actions, causes of action, claims, demands, liabilities, obligations, damage claims,

12 restitution claims, injunction claims, declaratory relief claims, fees (including attorneys' fees),

13 costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether

14 legal or equitable, including, without limitation, violations of any state or federal statutes and

15 laws, rules or regulations, or principles of common law, whether known or unknown, suspected

16 or unsuspected, had, possessed, owned or held, in law, equity, arbitration or otherwise, that were

17 or could have been asserted by Plaintiffs and/or the Settlement Class Members against Releasees

18 based on, arising out of, or related to the subject matter of, or the allegations in the Lawsuits, are

19 hereby dismissed with prejudice and without costs, other than those permitted under the

20 Settlement Agreement.

21     22.    As of the Effective Date, Class Plaintiffs and all Settlement Class Members shall be

22 permanently barred and enjoining from initiating, asserting, or prosecuting against the Released

23 Parties in any federal or state court or tribunal any and all Released Claims.

24     23.    The NCAA and its alleged co-conspirators not named as defendants in the Lawsuits,

25 including without limitation NCAA member schools and conferences (collectively, "Non-Settling

26 Parties"), are hereby barred, enjoined, and permanently restrained from instituting, commencing,

27 pursuing, prosecuting, or asserting any claim against the Released Parties for contribution,

28 indemnity or any other claim in which the alleged injury to the Non-Settling Party is the Non-

1   Settling Party's liability to Plaintiffs, or costs or fees in connection with that asserted liability,

2   arising out of or relating to the Released Claims. Notwithstanding the previous sentence, this

3   Judgment does not bar any Non-Settling Party from asserting contractual indemnity claims to the

4   extent that any may exist.

5       24.    Except as explicitly provided in the Settlement Agreement, neither the Settlement—

6   approved or not approved—nor any exhibit, document or instrument delivered thereunder, nor

7   any statement, transaction or proceeding in connection with the negotiation, execution or

8   implementation of the Settlement, shall be admissible in evidence in this or any other proceeding

9   for any purpose, including as evidence. Without limitation of the foregoing, nothing contained in

10  the Settlement, approved or not approved, nor any exhibit, document or instrument delivered

11  thereunder, nor any statement, transaction or proceeding in connection with the negotiation,

12  execution or implementation of the Settlement, shall be given any form of res judicata, collateral

13  estoppel or judicial estoppel effect against EA, CLC or the other Released Parties in any

14  administrative or judicial forum or proceeding.

15      25.    The Court orders that if the Settlement Agreement is terminated pursuant to its terms,

16  or the Effective Date for any reason does not occur, the orders certifying the Settlement Class for

17  purposes of effecting the Settlement Agreement, and all preliminary and/or final findings

18  regarding the Settlement Class certification orders, shall be automatically vacated upon notice to

19  the Court, the Lawsuits shall proceed as though the Settlement Class had never been certified

20  pursuant to the Settlement Agreement and such findings had never been made, and the Lawsuits

21  shall revert nunc pro tunc to the procedural status quo as of the date and time immediately before

22  the execution of the Settlement Agreement, in accordance with the Settlement Agreement.

23      26.    The Court finds the Settlement is in good faith pursuant to federal law and California

24  Code of Civil Procedure 877.6, including that the amount to be paid in the Settlement is in accord

25  with the Class Representatives' and the Settlement Class Members' potential total recovery and

26  EA's potential liability; that the allocation of the Settlement is fair; that the Settlement is not

27  meant to be the equivalent of liability damages; that the Settlement considers the relevant

28  financial circumstances of EA; and that the Settlement is not the product of and does not evince

collusion, fraud, or tortious conduct aimed to injure the interests of defendants other than the EA.

27.    The Court finds that the CAFA Notices sent by EA and CLC complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

28.    The Escrow Account established by Class Plaintiffs' Co-Lead Counsel is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

29.    The Court finds, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering final judgment, and directs that this Judgment shall be final and entered forthwith.

30.    Without affecting the finality of this Judgment, the Court reserves jurisdiction over the Class Plaintiffs, the Settlement Class, and EA as to all matters concerning the administration, consummation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.


DATED: August 18, 2015

_____
THE HONORABLE CLAUDIA WILKEN
SENIOR DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**
Persons Excluded from the Settlement Class

| Name | City | State |
|---|---|---|
| Michael K. Taylor | Anniston | AL |
| Michael Bolling | Miami | FL |
| Chaz L. Anderson | Inglewood | CA |
| David Jeremy Schatz | Birmingham | AL |
| Anthony Khalife | Plains | PA |
| Kristoff Williams | Antioch | CA |