United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL KELLER, et al.,                    No. C 09-1967 CW

        Plaintiffs,

    v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION; ELECTRONIC ARTS
INC.; and COLLEGIATE LICENSING
COMPANY,

        Defendants.
_____/

EDWARD O'BANNON, et al.                    No. C 09-3329 CW

        Plaintiffs,                        ORDER REGARDING
                                           MOTIONS FOR
    v.                                     ATTORNEYS' FEES

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION; ELECTRONIC ARTS
INC.; and COLLEGIATE LICENSING
COMPANY,

        Defendants.
_____/

        On August 19, 2015, this Court granted final approval of the
class action settlements in the above captioned cases.[1]  In its
final approval orders, the Court allocated thirty percent of the
Electronic Arts, Inc. (EA) settlement fund for attorneys' fees,
reserving the division of those funds among the attorneys.  Class
Counsel have filed five separate motions for attorneys' fees and
costs and incentive awards.  Among those motions are motions by

_____
        [1] On September 16, 2015, Objector Nathan Harris filed a
notice of appeal of the settlement in Keller and Objector Darrin
Duncan filed a notice of appeal of the partial settlement in
O'Bannon.

current and former counsel in <u>Hart v. Electronic Arts</u>, D.N.J. Case No. 09-5990. (Docket Nos. 1193, 1207).  The Court notes certain deficiencies in the declarations filed in support of the motions filed by current and former counsel in <u>Hart</u> and directs counsel to file further declarations in support of their motions.

I.   Docket No. 1193, Motion by Timothy McIlwain

Timothy McIlwain was counsel for <u>Hart</u> at various times leading up to the settlement of the case.  He has filed a motion for fees for himself, various attorneys, law clerks and paralegals who he claims to have supervised, as well as attorneys at the Lanier Law Firm, who were associated as co-counsel for Hart from August through September 2013.  Mr. McIlwain attaches a spreadsheet he "prepared detailing most but not nearly all of the time" he spent on the case.  McIlwain Declaration, Docket No. 1193-10 at ¶ 15.  However, as to the other individuals, the attachments to Mr. McIlwain's declaration simply list the individual's name, the hourly rate claimed and the total number of hours claimed.  The Ninth Circuit has held that, when seeking fees, "plaintiff's counsel can meet his burden--although just barely--by simply listing his hours and identifying the general subject matter of his time expenditures."  <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000) (internal quotation marks and citations omitted) (finding no abuse of discretion when district court granted fee request supported by "a summary of the time spent on a broad category of tasks such as pleadings and pretrial motions (16.5 hours), settlement (4.2 hours), and court appearances (1.5 hours)").  Mr. McIlwain fails to submit even the

United States District Court
For the Northern District of California

general subject matter for the time he claims for the individuals he supervised or for co-counsel from the Lanier Law Firm.

Moreover, Mr. McIlwain declares that he is a "solo lawyer" and states that he is claiming time for individuals he "employed and was associated with for the purpose of investigating and prosecuting the Hart case." McIlwain Dec. at ¶ 1, 19. However, of the ten individuals whose work Mr. McIlwain claims he supervised, only one, paralegal Katie Saluzzi, is listed as an employee. Id. at 20. Mr. McIlwain provides no evidence that he paid the amounts he claims on behalf of the other individuals to them, or that he has been authorized to seek fees on their behalf and will pay any fees ordered over to them in full.

Accordingly, within one week of the date of this order, Mr. McIlwain is directed to file declarations by each of the individuals for whom he claims fees. The declarations shall itemize the hours claimed by the tasks completed. In addition, each declaration shall state the hourly rate or rates the individual actually charged Mr. McIlwain for the work he or she performed, and the number of hours for which the individual was actually paid by Mr. McIlwain. If Ms. Saluzzi declares that she was an employee of Mr. McIlwain when she worked the hours claimed, she need not provide information about her hourly rate or salary.

In addition, within one week of the date of this order, Mr. McIlwain shall file a supplemental declaration from Eugene Egdorff to support the fees claimed on behalf of attorneys from the Lanier Law Firm. That declaration shall itemize the hours claimed by each individual by the tasks completed. In addition, the Court notes that the evidence submitted does not support a finding that

3

the hourly rates claimed by the attorneys from the Lanier Law Firm are reasonable.  Mr. Egdorff may also provide additional information regarding the reasonableness of the rates claimed.

II.  Docket No. 1207, Motion by Current Counsel for Hart

Current counsel for Hart Plaintiffs, the McKenna Law Firm and Lum, Drasco & Positan LLC have also filed a motion for fees.  Like the declarations filed in support of Mr. McIlwain's motion for fees, the declarations filed in support of Hart Plaintiffs' current counsel's fee motion simply state the total number of hours and hourly rate claimed.  The Court finds that these records are insufficient to support a claim of fees.  Accordingly, within one week of the date of this order, current counsel for Hart shall submit supplemental declarations itemizing the hours claimed by each individual by the tasks completed.

IT IS SO ORDERED.

Dated: November 3, 2015

CLAUDIA WILKEN
United States District Judge