IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD O'BANNON, et al.

    Plaintiffs,

  v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,

    Defendants.
_____/

No. C 09-3329 CW

ORDER ON NCAA'S MOTION FOR CLARIFICATION

    Defendant National Collegiate Athletic Association (NCAA), joined by Plaintiffs, asks the Court to clarify its May 20, 2016 Order Granting in Part Defendants' Motion for Stay Without Bond, as to when a portion of the fees and costs awarded would be paid. The Court intended that a portion of the fees and costs be paid if the determination of antitrust liability becomes final, either by denial of certiorari or by Supreme Court affirmance. The Court amends the order to so clarify.

    The NCAA also seeks clarification of the Court's statement that the $9,088,526.38 in fees and costs to be paid in that instance is undisputed. The Court understands that the NCAA now disputes liability for any fees and costs, even if its antitrust liability stands. However, $9,088,526.38 is the amount to which

the NCAA originally asked that Plaintiffs' fees and costs be reduced. If the finding of antitrust liability remains, regardless of the ultimate remedy, it is likely that at least that amount will be upheld as reasonable.

The NCAA suggests that it is an abuse of the Court's discretion under Federal Rule of Civil Procedure 62(d) to require payment of any portion of the judgment while the appeal is pending. However, Federal Rule of Civil Procedure 62(d) simply provides a party against whom a judgment has been entered the option of posting a supersedeas bond in lieu of paying an entire judgment while an appeal is pending. The NCAA still maintains both of those options in this case. In response to the NCAA's motion for stay without bond, the Court allowed a third option of a partial stay of the judgment without bond.

The NCAA expresses concern regarding its ability to recover any amount paid should the ultimate award of fees and costs be less than $9,088,526.38. The Court intended that, should the amount become payable, it be paid to lead class counsel, Hausfeld LLP. The Court further clarifies that, in the event that the $9,088,526.38 is paid and is later determined to be an overpayment, Hausfeld LLP will be responsible for reimbursing the NCAA, even if the money has been distributed to the various firms representing Plaintiffs.

IT IS SO ORDERED.

Dated: June 17, 2016

_____
CLAUDIA WILKEN
United States District Judge

2